GERSTEN, Judge.
Appellant, Joseph Jones, appeals his conviction for armed burglary. We affirm.
Appellant admits to committing this burglary. Appellant’s only contention is that the facts in this case are insufficient to support a conviction for armed burglary.
The police were dispatched to a home burglary in progress, where they discovered appellant. Appellant came out of the house after the officers ordered him outside. Appellant’s pockets were full of jewelry taken during the burglary.
The owner of the stolen property arrived at the crime scene and discovered that, in *742 addition to the jewelry taken, a handgun was missing. Appellant was questioned about the gun.
Appellant admitted initially taking the gun with the intention of pawning the gun. Appellant, however, left the gun inside the burglarized home. He told the officer he left the gun near its original storage place.
Appellant was convicted of armed burglary. Appellant contends that the trial court erred in denying appellant’s motion to reduce the charge from armed burglary to simple burglary.
The State asserts that although unarmed prior to entering the dwelling, appellant’s possession of the gun, albeit temporary and brief, suffices to support the armed burglary conviction. We agree.
The possession of a firearm prior to entering a structure is unnecessary in order to convict for armed burglary. Hardee v. State, 534 So.2d 706 (Fla.1988); Williams v. State, 517 So.2d 681 (Fla.1988).
In Williams v. State, 517 So.2d at 682, the Supreme Court explained that the possession of a firearm “at any time during the course of a criminal endeavor” comports with statutory requirements for armed burglary. Accordingly, we affirm.
Affirmed.
NESBITT, J., concurs.