COBB, Judge.
The defendant was charged with burglary of a structure while armed (§ 810.-02(2), Fla.Stat. (1991)), grand theft (§ 812.-014(2), Fla.Stat. (1991)), and carrying a concealed weapon while committing a felony, to wit: grand theft (§ 790.07(2), Fla.Stat. (1991)). Based upon the defendant’s plea of guilty, the court adjudicated him guilty of all three charges and sentenced him. The public defender filed an Anders[1] brief but this court ordered a supplemental brief because the record reveals a double jeopardy issue. See generally Johnson v. State, 460 So.2d 954 (Fla. 5th DCA 1984), aff'd, 483 So.2d 420 (Fla.1986) (violation of double jeopardy rights constitutes fundamental error). That issue concerns whether a defendant, who commits an armed burglary of a structure and grand theft of property found therein, can also be convicted of carrying a concealed weapon while committing a felony. We answer this question in the negative.
Armed burglary, as contrasted with mere burglary, is, as defined in section 810.02(2), Florida Statutes, a continuing offense. See Williams v. State, 517 So.2d 681 (Fla.1988); Jones v. State, 599 So.2d 741 (Fla. 3d DCA 1992). The state cannot, consistent with double jeopardy principles, charge, convict and sentence a defendant for two offenses for the single act of possession of one weapon. See generally Cleveland v. State, 587 So.2d 1145 (Fla.1991). The conviction and sentence for carrying a concealed weapon while committing a felony are reversed. See also Brown v. State, 617 So.2d 744 (Fla. 1st DCA 1993) (defendant could not be convicted and sentenced for possession of firearm during commission of felony and armed robbery with a firearm arising out of the same criminal episode even though felony underlying possession charge was attempted first degree murder). The defendant’s remaining convictions and sentences are affirmed.
AFFIRMED IN PART, REVERSED IN PART.
DIAMANTIS, J., concurs.
PETERSON, J., concurs in part, dissents in part, with opinion.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).