645 So.2d 417 (1994)
STATE of Florida, Petitioner,
v.
Richard T. STEARNS, Jr., Respondent.
No. 82826.
Supreme Court of Florida.
November 17, 1994.
*418 Robert A. Butterworth, Atty. Gen. and Robin Compton Jones, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for respondent.
HARDING, Justice.
We have for review Stearns v. State, 626 So.2d 254 (Fla. 5th DCA 1993), where the district court certified this question as one of great public importance:
WHETHER A DEFENDANT WHO, IN THE COURSE OF ONE CRIMINAL TRANSACTION OR EPISODE, COMMITS AND IS CONVICTED OF BURGLARY OF A STRUCTURE WHILE ARMED AND GRAND THEFT OF PROPERTY FOUND THEREIN MAY, CONSISTENT WITH DOUBLE JEOPARDY PRINCIPLES, ALSO BE CONVICTED OF CARRYING A CONCEALED WEAPON WHILE COMMITTING THE GRAND THEFT.
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
Stearns was convicted of burglary of a structure while armed, grand theft, and carrying a concealed weapon while committing a felony, to wit: grand theft. Stearns' burglary sentence was enhanced because of his possession of a firearm. The district court reversed his conviction and sentence for carrying a concealed weapon because:
Armed burglary, as contrasted with mere burglary, is, as defined in section 810.02(2), Florida Statutes, a continuing offense. The state cannot, consistent with double jeopardy principles, charge, convict, and sentence a defendant for two offenses for the single act of possession of one weapon.
Stearns, 626 So.2d at 255 (citations omitted).
We agree with the district court that armed burglary is a continuing offense. Thus, our recent decision in State v. Brown, 633 So.2d 1059 (Fla. 1994), resolves the case now before us. In Brown we held that a defendant could not be convicted and sentenced for two crimes involving a firearm that arose out of the same criminal episode. Id. at 1060-61. In the instant case, therefore, double jeopardy bars the State from convicting and sentencing Stearns for two offenses involving a firearm that arose out of the same criminal episode.
Accordingly, we answer the certified question in the negative and approve the district court's decision reversing Stearns' conviction and sentence for carrying a concealed weapon while committing a felony.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, WELLS and ANSTEAD, JJ., concur.