659 So.2d 1293 (1995)
M.P.C., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1657.
District Court of Appeal of Florida, Fifth District.
September 1, 1995.
James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for appellee.
THOMPSON, Judge.
M.P.C., a juvenile, appeals a final judgment and disposition. M.P.C. was adjudicated delinquent for possession of a firearm by a delinquent,[1] carrying a concealed firearm,[2] and possession of a firearm by a minor.[3] All of the adjudications arose out of the same delinquent episode. After being adjudicated delinquent, M.P.C. was committed to the custody *1294 of the Department of Health and Rehabilitative Services. M.P.C. appeals his multiple adjudications, arguing that he cannot be adjudicated delinquent of the three crimes because of double jeopardy. See Sirmons v. State, 634 So.2d 153 (Fla. 1994); § 775.021(4)(b), Fla. Stat. (1993).
We conclude that In re A.J.H., 652 So.2d 1279 (Fla. 1st DCA 1995) (citing State v. Stearns, 645 So.2d 417 (Fla. 1994)), is dispositive. In A.J.H., a juvenile was convicted of the same three offenses as M.P.C. The court ruled that "because all of the violations of law arose out of a single episode, an adjudication of delinquency based upon all three cannot stand." A.J.H., 652 So.2d at 1280. Accordingly, we affirm the order of adjudication and disposition for M.P.C.'s violation of section 790.23(1)(a), but remand with directions that the trial court strike the remaining two adjudications and dispositions.
AFFIRMED in part; REMANDED with directions.
W. SHARP and GRIFFIN, JJ., concur.
NOTES
[1] § 790.23(1)(a), Fla. Stat. (Supp. 1994).
[2] § 790.01(2), Fla. Stat. (1993).
[3] § 790.22(3), Fla. Stat. (Supp. 1994).