666 So.2d 951 (1996)
Daniel MAXWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2953.
District Court of Appeal of Florida, First District.
January 4, 1996.
Nancy A. Daniels, Public Defender; Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Vincent Altieri, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this direct criminal appeal, appellant raises three issues: (1) whether he could be convicted of, and sentenced for, carrying a concealed firearm, possession of a short-barreled shotgun and possession of a firearm by *952 a convicted felon when all arose out of a single episode and all involved the same act of possession; (2) whether the evidence was legally sufficient to sustain the conviction for carrying a concealed firearm; and (3) whether the habitual offender statute is unconstitutional as applied because it violates the right of black defendants to equal protection of the laws. We affirm in part and reverse in part.
We agree that appellant may not be convicted of, and sentenced for, carrying a concealed firearm, possession of a short-barreled shotgun and possession of a firearm by a convicted felon because all three offenses arose out of a single episode and all involved the same act of possession. M.P.C. v. State, 659 So.2d 1293 (Fla. 5th DCA 1995); A.J.H. v. State, 652 So.2d 1279 (Fla. 1st DCA 1995). See State v. Stearns, 645 So.2d 417, 418 (Fla. 1994) (interpreting State v. Brown, 633 So.2d 1059 (Fla. 1994), as standing for proposition that "a defendant could not be convicted and sentenced for two crimes involving a firearm that arose out of the same criminal episode"). Accordingly, while we affirm the conviction and sentence for possession of a short-barreled shotgun, we reverse the other two convictions and sentences, and remand with directions that the trial court enter an amended judgment and sentence reflecting conviction of possession of a short-barreled shotgun only. Our resolution of this issue renders moot appellant's second issue.
By his third issue, appellant asserts that the habitual offender statute is unconstitutional as applied, because black defendants are sentenced pursuant to its provisions some three times more often than are white defendants in the Second Judicial Circuit. However, appellant lacks standing to assert this equal protection claim, because he is white. Therefore, we do not reach the merits.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ERVIN and WEBSTER, JJ., concur.
BOOTH, J., specially concurs with written opinion.
BOOTH, J., specially concurring.
I reluctantly concur under the cases cited in the majority opinion. However, as comprehensively addressed in Brown v. State, case no. 95-669, ___ So.2d ___ (Fla. 1st DCA Dec. 18, 1995), I question why we cannot affirm all three of Maxwell's firearm convictions and sentences, as each of the underlying offenses contain unique statutory elements distinct from the others.