WOLF, Judge.
We are faced with one issue in this case: Whether appellant’s convictions and sentences for the offenses of armed robbery, armed kidnapping, and armed burglary, committed with the same firearm during the same criminal episode, constitute impermissible, multiple punishments for the same offense. The issue might be restated as whether the case of State v. Stearns, 645 So.2d 417 (Fla.1994), and its progeny, require us to reverse two of the convictions in the instant case.
In Steams, supra, the supreme court stated, “In Brown we held [referring to State v. *234 Brown, 633 So.2d 1059 (Fla.1994) ] that a defendant could not be convicted and sentenced for two crimes involving a firearm that arose out of the same criminal episode.” Id. at 418.
In Everett Brown v. State, 670 So.2d 965 (Fla. 1st DCA 1995), we questioned whether this broad statement was applicable where each of the firearm offenses contained separate and distinct elements. We, nevertheless, felt bound to apply Steams as interpreted by this court in A.J.H. v. State, 652 So.2d 1279 (Fla. 1st DCA 1995). See also Maxwell v. State, 666 So.2d 951 (Fla. 1st DCA 1996).[1] We do not, however, feel that we are required to follow Steams in the instant situation, where each of the crimes contain elements that are separate and distinct, and none of the offenses are criminal only as a result of the defendant possessing or concealing a firearm. Gaber v. State, 662 So.2d 422 (Fla. 3d DCA 1995).
In Steams, the court held that the defendant could not be found guilty of carrying a firearm during commission of grand theft when he received an enhanced sentence for burglary of a structure while armed. In the instant case, each offense for which the defendant was convicted was criminal, notwithstanding the possession of the firearm. Under these circumstances, we find Steams is inapplicable.[2]
It is somewhat unclear, however, whether each offense may be enhanced as a result of the use of the same firearm during one criminal episode. We, therefore, affirm, but certify the following question as being one of great public importance:
WHETHER APPELLANTS MAY BE SEPARATELY CONVICTED AND SENTENCED FOR ARMED BURGLARY, ARMED ROBBERY, AND ARMED KIDNAPPING WHERE EACH OFFENSE IS PART OF THE SAME CRIMINAL EPISODE?
MINER and VAN NORTWICK, JJ., concur.

. A very good argument may be made that the language in Stearns, supra, only constituted dicta, and that the crimes involved in that case did not each involve separate elements, and therefore, the supreme court did nothing to extend the original holding in State v. Brown, 633 So.2d 1059 (Fla.1994). In light of this court's decision in supra, however, this court is not free to interpret Stearns so narrowly.

. We would note that the case of Marrow v. State, 656 So.2d 579 (Fla. 1st DCA 1995), is also inapplicable in that the firearm which was stolen in the instant case was taken prior to the victim returning home, the robbery necessarily involved the separate act of taking different items, and therefore, appellant was not convicted of a theft involving the same gun which provided the basis for the armed burglary charge.