673 So.2d 541 (1996)
Walter DELANCY, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-3145.
District Court of Appeal of Florida, Third District.
May 8, 1996.
Bennett H. Brummer, Public Defender, and Kenneth P. Speiller, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Richard L. Polin, Assistant Attorney General, and Aleida Cantalapiedra, Certified Legal Intern, for appellee.
Before COPE, GERSTEN and FLETCHER, JJ.
PER CURIAM.
Walter Delancy appeals his convictions and sentences for armed robbery and aggravated assault with a firearm. He contends that it is impermissible to convict him of both offenses. We disagree and affirm on authority of Taylor v. State, 608 So.2d 804, 805 (Fla. 1992), and Owens v. State, 626 So.2d 240, 242 (Fla. 2d DCA 1993), review denied, 634 So.2d 626 (Fla.1994).
Defendant's reliance on State v. Stearns, 645 So.2d 417 (Fla.1994), is misplaced. Stearns must be read in the context of its particular facts, and in tandem with the decision on which it relies, State v. Brown, 633 So.2d 1059 (Fla.1994). Stearns and Brown do not recede from Taylor v. State.
We find no merit in defendant's argument that the trial court should have granted a mistrial.
Defendant argues that his 6-year sentence for aggravated assault exceeds the 5-year legal maximum. See §§ 775.082(3)(d), 784.021, Fla.Stat. (1993). However, the date of defendant's crime was April 27, 1994. Effective January 1, 1994, "[i]f a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by § 775.082, the sentence under the guidelines must be imposed, absent a departure." § 921.001(5), Fla.Stat. (1993); Gardner v. State, 661 So.2d 1274 (Fla. 5th DCA 1995). The guideline range in this case was 4.3 years to 7.1 years. The 6-year sentence is legal under subsection 921.001(5).
Affirmed.