677 So.2d 1 (1996)
Victor R. ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2497.
District Court of Appeal of Florida, Fifth District.
May 31, 1996.
Rehearing Denied July 29, 1996.
James B. Gibson, Public Defender, and Kenneth Witts, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Childs, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, Judge.
Victor R. Roberts, a 14 year old juvenile, appeals his conviction and sentence as an adult for the crime of sexual battery pursuant to section 39.059(7)(d), Florida Statutes (1994 Supp.). He contends the trial court erred when it failed to issue a written order supporting its decision to impose adult sanctions. We affirm in part and reverse in part.
An amended information was filed against Roberts, which charged him as an adult, with sexual battery[1] and attempted sexual battery.[2] The victim was also 14 years of age. Roberts entered a plea of nolo contendere to sexual battery, and the state agreed to nolle prosequi the charge of attempted sexual battery. Although there was no agreement with respect to the sentence, Roberts entered the plea freely and voluntarily and the trial court thoroughly explained the maximum possible sentence in the Department of Corrections. The state recommended that Roberts be sentenced as a youthful offender. Robert's attorney and a counselor from the Department of Juvenile Justice recommended that he be sentenced as a juvenile to a level 8 facility. There, they argued, he would be rehabilitated in the sexual offender program.
Nevertheless, the trial court sentenced Roberts to 8.9 years in the Department of Corrections. At the sentencing hearing, the trial court gave its reasons for concluding that sentencing Roberts as a juvenile was inappropriate. The trial court reviewed Roberts' lengthy record, which included armed robbery, attempted robbery with a weapon, extortion, criminal mischief, and battery. The trial court also noted that Roberts was on community supervision with the Department of Juvenile Justice at the time he committed the sexual battery. Because no written order regarding the imposition of adult sanctions was prepared by the trial court, we must reverse and remand for resentencing.
Prior to 1 October 1994, a trial judge who sentenced a juvenile as an adult was required to prepare a written order with *2 extensive findings supporting the adult sentence. § 39.059(7)(c), Fla.Stat. (1993); Troutman v. State, 630 So.2d 528 (Fla.1993). Subsequent to 1 October 1994, the trial court is still required to enter a written order supporting the decision to sentence the juvenile as an adult, but the order is presumed correct and does not need to be as specific. Section 39.059(7)(d), Florida Statutes (1994 Supp.) reads:
Any decision to impose adult sanctions must be in writing, but is presumed appropriate, and the court is not required to set forth specific findings or enumerate the criteria in this subsection as any basis for its decision to impose adult sanctions.
In this case, no order was prepared or filed, but the state argues that the judgment and sentence are sufficient to comply with the statute. We disagree. The statute is clear on its face that the decision to impose adult sanctions must be in writing. Further, the statute would be redundant if the judgment and sentence could satisfy the statute. A judgment and sentence along with the defendant's fingerprints must be entered in all felony convictions whether the defendant is an adult or a juvenile sentenced as an adult. See § 921.241, Fla.Stat. (1993).
Accordingly, we affirm the conviction, reverse the sentence, and we remand for the entry of a written order supporting the decision to impose adult sanctions. Grayson v. State, 671 So.2d 855 (Fla. 4th DCA 1996); Thomas v. State, 662 So.2d 1334 (Fla. 1st DCA 1995), rev. denied, 669 So.2d 252 (Fla. 1996).
GRIFFIN, J., concurs.
W. SHARP, J., concurs specially, with opinion.
W. SHARP, Judge, concurring specially.
I agree that the absence of a written order imposing adult sanctions requires us to reverse and remand this case for compliance with section 39.059(7)(d). It provides:
Any decision to impose adult sanctions must be in writing, but is presumed appropriate, and the court is not required to set forth specific findings or enumerate the criteria in this subsection as any basis for its decision to impose adult sanctions.
The amended statute also requires the court to consider a presentence investigation report. § 39.059(7)(a), Fla.Stat. (1995). From a reading of the record in this case, it appears that the trial judge may have been unaware of that requirement, since it had to be called to his attention at the sentencing hearing, and it also appears that he did not have the report at hand. The court did take testimony from persons representing the Department of Juvenile Justice, and the state, and it considered statements of other persons, including the victim's family. That element of the statute should also be complied with on remand.
The next question is why go to all of this bother if the written order now required by the statute need no longer be specific and enumerate at least some of the criteria in section 39.059? I agree with Judge Pariente in her recent opinion in Grayson v. State, 671 So.2d 855 (Fla. 4th DCA 1996), that imposing adult sanctions still requires that the trial court consider the relevant statutory criteria. And, an order incorporating at least some of those considerations and the recommendations is reviewable by an appellate court.
In this case, the recommendations for this fourteen-year-old defendant (Roberts) were that he be put in the highest level facility for juveniles and receive counseling and therapy for sex offenders, that he be placed in boot camp, or that he be sentenced as a youthful offender. No one suggested he should receive a nine-year sentence in the state adult prison system, which he received in this casenot even the victim's family.
Further, although the trial judge at the sentencing hearing mentioned Roberts' lengthy record, and the seriousness of the crimes he had committed, the judge's primary complaint was addressed to the inefficacy of the juvenile justice system. He said:
The juvenile justice system is bankrupt, broke, and it doesn't work. You are a perfect living example of its miserable failings. And I can't over-emphasize that comment ... That had something happened to you maybe back in May of 1994, when you did your first armed robbery, *3 some sanction had been placed upon you that had some teeth, that got your attention, that brought you to your senses, we probably wouldn't be here today, but you were coddled by a system that is a miserable failure.
Query whether the inadequacy of the juvenile justice system is an appropriate reason to impose adult sanctions on a fourteen-year-old, and query whether society will be made safer by having Roberts locked up in an adult prison, only to be released, untreated and uncounseled, but older and wiser, in less than (probably) four years. It is a scary thought.
NOTES
[1] § 794.011(5), Fla.Stat. (1993).
[2] §§ 794.011(5); 777.04(1), Fla.Stat. (1993).