682 So.2d 83 (1996)
STATE of Florida, Petitioner,
v.
Daniel K. MAXWELL, Respondent.
No. 87290.
Supreme Court of Florida.
October 10, 1996.
Robert A. Butterworth, Attorney General; James W. Rogers, Bureau Chief, Tallahassee Criminal Appeals and Vincent Altieri, Assistant Attorney General, Tallahassee, for Petitioner.
Nancy A. Daniels, Public Defender and Kathleen Stover, Assistant Public Defender, Second Judicial Circuit, Tallahassee, for Respondent.
HARDING, Justice.
We have for review Maxwell v. State, 666 So.2d 951 (Fla. 1st DCA 1996), which expressly and directly conflicts with the opinion in M.P. v. State, 662 So.2d 1359 (Fla. 3d DCA 1995). We have jurisdiction pursuant to article *84 V, section 3(b)(3) of the Florida Constitution.
Daniel K. Maxwell was convicted of and sentenced for carrying a concealed firearm, possession of a short-barreled shotgun, and possession of a firearm by a convicted felon. On appeal, the First District Court of Appeal held that Maxwell could not be convicted of and sentenced for all three offenses because they arose from a single episode and involved the same act of possession. Maxwell, 666 So.2d at 952. The court cited M.P.C. v. State, 659 So.2d 1293 (Fla. 5th DCA 1995), and A.J.H. v. State, 652 So.2d 1279 (Fla. 1st DCA 1995), where the district courts reached the same conclusion regarding dual adjudications of delinquency for carrying a concealed firearm and illegal possession of a firearm by a minor. Maxwell, 666 So.2d at 952. Accordingly, the district court reversed two of Maxwell's convictions and affirmed only the conviction for possession of a short-barreled shotgun. Id.
We addressed this issue in M.P. v. State, 682 So.2d 79 (Fla.1996), and concluded that dual convictions and sentences for firearm offenses stemming from a single episode and involving the same act of possession do not necessarily violate the constitutional guarantee against double jeopardy. 682 So.2d at 81-82. Moreover, we explained that the district courts have erroneously interpreted our decision in State v. Stearns, 645 So.2d 417 (Fla.1994), as prohibiting conviction and sentence for two crimes involving a firearm whenever they arise from the same criminal episode. M.P., 682 So.2d at 81. Instead, in determining the constitutionality of multiple convictions and punishments for offenses arising from the same criminal transaction, the dispositive question is whether the legislature "`intended to authorize separate punishments for the two crimes.'" M.P., 682 So.2d at 81 (quoting Albernaz v. United States, 450 U.S. 333, 344, 101 S.Ct. 1137, 1144, 67 L.Ed.2d 275 (1981)).
In M.P., we concluded that the legislature had expressed a clear intent to punish possession of a firearm by a minor in addition to any other firearm-related offenses. 682 So.2d at 82. While the statutes at issue in the instant case do not contain such a specific legislative statement, the legislature has expressed its intent "to convict and sentence for each criminal offense committed in the course of one criminal episode." See § 775.021(4)(b), Fla. Stat. (1991).
Section 775.021(4) is a codification of the Blockburger test, sometimes referred to as the same-elements test, which inquires whether each offense contains an element not contained in the other; if not, they are the same offense and double jeopardy bars subsequent punishment or prosecution. Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). As this Court explained in State v. Johnson, 676 So.2d 408 (Fla.1996), in applying section 775.021(4) to a single criminal transaction or episode, we look to see whether the episode constitutes more than one separate criminal offense. Id. at 410. Offenses are separate if each offense requires proof of an element that the other does not. Id.
In the instant case, our double jeopardy examination must look to the statutory elements of carrying a concealed firearm,[1] possession of a short-barreled shotgun,[2] and possession of a firearm by a convicted felon.[3] While each of the offenses contains the common element of possession of a firearm, each requires proof of an element that the others do not. Section 790.01(2) requires proof that the firearm was "concealed"; section 790.221 requires proof that the firearm was a "shortbarreled shotgun"; and section 790.23 requires proof that the person who was in possession of the firearm had been "convicted of a felony."
Maxwell also argues that being punished three times for the same conduct of carrying a weapon violates the constitutional protection against double jeopardy. However, the *85 United States Supreme Court specifically overruled Grady v. Corbin, 495 U.S. 508, 510, 110 S.Ct. 2084, 2087, 109 L.Ed.2d 548 (1990), and rejected Grady's "same-conduct" test as being "wholly inconsistent with earlier Supreme Court precedent and with the clear common-law understanding of double jeopardy." United States v. Dixon, 509 U.S. 688, 704, 113 S.Ct. 2849, 2860, 125 L.Ed.2d 556 (1993). Thus, absent an explicit statement of legislative intent to authorize separate punishments for two crimes, the Supreme Court left Blockburger as the sole method for determining whether multiple punishments and successive prosecutions are subject to the double jeopardy bar. Consequently, the fact that Maxwell's three convictions and sentences stem from the same conduct is not germane to our double jeopardy analysis.
For the reasons discussed above, we find that the multiple convictions and sentences in this case did not violate the constitutional protection against double jeopardy. Accordingly, we quash the decision below.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] § 790.01(2), Fla. Stat. (1991).
[2] § 790.221, Fla. Stat. (1991).
[3] § 790.23, Fla. Stat. (1991).