682 So.2d 79 (1996)
M.P., a juvenile, Petitioner,
v.
STATE of Florida, Respondent.
No. 86968.
Supreme Court of Florida.
October 10, 1996.
*80 Bennett H. Brummer, Public Defender and Harvey J. Sepler, Assistant Public Defender, Eleventh Judicial Circuit, Miami, for Petitioner.
Robert A. Butterworth, Attorney General and Richard L. Polin, Assistant Attorney General, Miami, for Respondent.
HARDING, Justice.
We have for review the decision in M.P. v. State, 662 So.2d 1359 (Fla. 3d DCA 1995), in which the Third District Court of Appeal certified conflict with the opinions in M.P.C. v. State, 659 So.2d 1293 (Fla. 5th DCA 1995), and A.J.H. v. State, 652 So.2d 1279 (Fla. 1st DCA 1995). We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
M.P. was adjudicated delinquent for carrying a concealed weapon in violation of section 790.01, Florida Statutes (1993),[1] and possession of a firearm by a minor in violation of section 790.22(3), Florida Statutes (Supp. 1994).[2] Both charges related to the same weapon and arose from the same incident.
On appeal, the Third District Court of Appeal held that the dual adjudications did not violate the constitutional prohibition against double jeopardy. M.P., 662 So.2d at 1359-60. The district court concluded that the legislature specifically articulated its intent to punish possession of a firearm by a minor in addition to other firearm-related offenses based upon the statutory language in section 790.22(7), Florida Statutes (Supp. 1994).[3]M.P., 662 So.2d at 1360. The district court further explained that the offenses in question also satisfy the Blockburger[4] test as each offense requires proof of an element *81 that the other does not. M.P., 662 So.2d at 1360.
However, the district court also recognized that its holding was in direct conflict with that of the Fifth District Court of Appeal in M.P.C. and that of the First District Court of Appeal in A.J.H. Accordingly, the district court certified conflict with those decisions. M.P., 662 So.2d at 1360. The district court found no merit to the other issues M.P. raised on appeal and affirmed the adjudications of delinquency. Id.
M.P.C. and A.J.H. also involved juveniles who were adjudicated delinquent for multiple firearm violations arising from a single episode. However, in those cases the district courts concluded that the multiple adjudications of delinquency could not stand "because all of the violations of law arose out of a single episode." A.J.H., 652 So.2d at 1280; accord M.P.C., 659 So.2d at 1294. In A.J.H., the district court cited this Court's decision in State v. Stearns, 645 So.2d 417 (Fla.1994), as prohibiting conviction and sentence for two crimes involving a firearm whenever they arise from the same criminal episode. A.J.H., 652 So.2d at 1280. In M.P.C., the district court found A.J.H. to be dispositive and required that two of the adjudications of delinquency be struck. M.P.C., 659 So.2d at 1294. Thus, both courts interpreted our decision in Stearns as creating a per se prohibition against multiple convictions and sentences for firearm violations which arise from the same criminal episode.
Stearns was convicted of burglary of a structure while armed, grand theft of the property in that structure, and carrying a concealed weapon while committing a felony. Stearns, 645 So.2d at 418. In response to a certified question from the district court, we concluded that "double jeopardy bars the State from convicting and sentencing Stearns for two offenses involving a firearm that arose out of the same criminal episode." Id. We note that Stearns was limited to its specific facts and the specific offenses at issue and should not be interpreted as finding that double jeopardy bars multiple convictions and sentences for all firearm crimes that arise out of the same criminal episode.[5]
In determining the constitutionality of multiple convictions and sentences for offenses arising from the same criminal transaction, the dispositive question is whether the legislature "intended to authorize separate punishments for the two crimes." Albernaz v. United States, 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275 (1981); accord State v. Smith, 547 So.2d 613, 614 (Fla.1989). Legislative intent to authorize separate punishments can be explicitly stated in a statute, Albernaz, 450 U.S. at 340, 101 S.Ct. at 1142-43, or can be discerned through the Blockburger test of statutory construction. Blockburger, 284 U.S. at 304, 52 S.Ct. at 182. The Blockburger test, which is also called the "same-elements" test, inquires whether each offense contains an element not contained in the other; if not, they are the same offense and double jeopardy bars subsequent punishment or prosecution. The Blockburger test has been codified in Florida at section 775.021(4), Florida Statutes (1995).[6]
*82 In the instant case, the Florida legislature clearly stated its intent to punish possession of a firearm by a minor in addition to any other firearm-related offenses. Section 790.22(7), Florida Statutes (Supp.1994), provides that "[t]he provisions of this section are supplemental to all other provisions of law relating to the possession, use, or exhibition of a firearm." (Emphasis added). The House Staff Analysis Report also provides that the punishment for violating section 790.22 shall be "in addition to any other penalty provided by law." Fla. H.R. Comm. on Crim. Just., CS/CS/HB 91-C (1993) Staff Analysis 1 (final Dec. 15, 1993) (on file with comm.).
As the United State Supreme Court explained in Missouri v. Hunter, 459 U.S. 359, 368-69, 103 S.Ct. 673, 679-80, 74 L.Ed.2d 535 (1983),
Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under Blockburger, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.
Accord Albernaz, 450 U.S. at 340, 101 S.Ct. at 1143.
Based upon this specific legislative statement, it was not necessary for the district court to conduct a Blockburger analysis of the statutes at issue in this case. As the Supreme Court explained in Albernaz, "[t]he Blockburger test is a `rule of statutory construction,' and because it serves as a means of discerning congressional purpose the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent." 450 U.S. at 340, 101 S.Ct. at 1143.
However, the district court correctly concluded that even without such a specific legislative authorization, the statutes at issue would pass the Blockburger test. Although the offenses at issue here share the common element of possession of a firearm, carrying a concealed weapon requires the additional element of concealment and possession of a firearm by a minor requires that the person who possesses the weapon be under eighteen years of age. Thus, these are not the same offenses for purposes of double jeopardy.
We also note that it makes no difference that the offenses at issue stemmed from the same conduct by M.P. The Supreme Court specifically overruled the Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), "same-conduct" test as being "wholly inconsistent with earlier Supreme Court precedent and with the clear common-law understanding of double jeopardy." United States v. Dixon, 509 U.S. 688, 704, 113 S.Ct. 2849, 2860, 125 L.Ed.2d 556 (1993).
For the reasons discussed above, we agree with the district court that the dual adjudications of delinquency do not violate M.P.'s constitutional right not to be placed in double jeopardy and we approve the decision below.[7] We also disapprove the opinions in M.P.C. and A.J.H.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Section 790.01, Florida Statutes (1993), provides in pertinent part:

(1) Whoever shall carry a concealed weapon or electric weapon or device on or about his person shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
[2] Section 790.22(3), Florida Statutes (Supp. 1994), provides:

(3) A minor under 18 years of age may not possess a firearm, other than an unloaded firearm at his home unless:
(a) The minor is engaged in a lawful hunting activity and is:
1. At least 16 years of age; or
2. Under 16 years of age and supervised by an adult.
(b) The minor is engaged in a lawful marksmanship competition or practice or other lawful recreational shooting activity and is:
1. At least 16 years of age; or
2. Under 16 years of age and supervised by an adult who is acting with the consent of the minor's parent or guardian.
(c) The firearm is unloaded and is being transported by the minor directly to or from an event authorized in paragraph (a) or paragraph (b).
[3] Section 790.22(7), Florida Statutes (Supp. 1994), provides that the provisions of section 790.22 "are supplemental to all other provisions of law relating to the possession, use, or exhibition of a firearm."
[4] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[5] We concluded that double jeopardy barred Stearns' conviction and sentence for carrying a concealed weapon while committing a felony. State v. Stearns, 645 So.2d 417, 418 (Fla.1994). For purposes of double jeopardy analysis, "offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial." § 775.021(4)(a), Fla. Stat. (1991) (emphasis added). Thus, section 775.021(4)(a) prohibited us from looking at the charging document to determine whether the "felony" element of "carrying a concealed weapon while committing a felony" was armed burglary or grand theft. See State v. Brown, 633 So.2d 1059, 1060-61 & n. 1 (Fla.1994). The "carrying a concealed weapon while committing a felony" offense contains the elements of carrying a concealed weapon while committing or attempting to commit any felony. See § 790.07(2), Fla. Stat. (1991). Armed burglary involves being armed with a dangerous weapon or explosives while committing the felony of burglary. See § 810.02(2), Fla. Stat. (1991). Thus, while the "carrying a concealed weapon while committing a felony" offense requires proof of the additional element of a "concealed" weapon, armed burglary requires proof of no element that the weapons offense does not.
[6] Section 775.021(4), Florida Statutes (1995), provides:

(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
[7] We decline to address the other issues raised by M.P.