PER CURIAM.
We have for review Allen v. State, 671 So.2d 233 (Fla. 1st DCA 1996), in which the First District Court of Appeal certified the following question to be of great pubbc importance:
WHETHER APPELLANTS MAY BE SEPARATELY CONVICTED AND SENTENCED FOR ARMED BURGLARY, ARMED ROBBERY, AND ARMED KIDNAPPING WHERE EACH OFFENSE IS PART OF THE SAME CRIMINAL EPISODE?
Id. at 234. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
*820 Our recent decisions in M.P. v. State, 682 So.2d 79 (Fla.1996), and State v. Maxwell, 682 So.2d 88 (Fla.1996), are controlling. Based upon M.P. and Maxwell, we answer the certified question in the affirmative.
The district court also questioned the proper interpretation of this Court’s decision in State v. Stearns, 645 So.2d 417 (Fla.1994), and its applicability to the instant case. Allen, 671 So.2d at 233-34. However, the court concluded that Steams was inapplicable here. Id. at 234. We agree. As we explained in M.P., Steams was limited to its specific facts and offenses and did not create a per se prohibition against multiple convictions and sentences arising from the same criminal episode. 682 So.2d at 80-82. We also agree with the district court that Allen’s convictions and sentences did not constitute impermissible multiple punishments for the same offense in this case.
Accordingly, we approve the decision below.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ„ concur.