707 So.2d 898 (1998)
Ronald CARSON, Appellant,
v.
STATE OF Florida, Appellee.
No. 97-0259.
District Court of Appeal of Florida, Fifth District.
March 6, 1998.
*899 James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
The jury returned verdicts finding Ronald Carson (the defendant) guilty of committing the offenses of burglary of a dwelling with an assault,[1] attempted second degree murder,[2] attempted robbery with a firearm,[3] and possession of a firearm during the commission of a felony; to wit, robbery.[4] We reverse in part, affirm in part, and remand for further proceedings.
First, the defendant contends that we must reverse his judgment and sentence on the possession of a firearm during the commission of a felony charge because that conviction stems from the defendant's single act of attempted robbery with a firearm. Specifically, he argues that the imposition of two convictions based upon one criminal act violates the prohibition against double jeopardy. We agree.
This issue was addressed in State v. Stearns, 645 So.2d 417, 418 (Fla.1994). In Stearns, the defendant was convicted of armed burglary, grand theft, and carrying a concealed weapon while committing a felony, to wit: grand theft. The supreme court, responding to a certified question from this court, affirmed our ruling that the state cannot, consistent with double jeopardy principles, charge, convict and sentence a defendant for two offenses for the single act of possession of one weapon. Id.
Also, in an earlier opinion, Cleveland v. State, 587 So.2d 1145, 1146 (Fla.1991), our supreme court addressed a similar double jeopardy issue. Cleveland was convicted of attempted robbery with a firearm and use of a firearm while committing a felony. Id. As here, the convictions stemmed from a single criminal act committed by the defendant; namely, a robbery. Id. The supreme court determined that when a robbery conviction is enhanced because a firearm is used in the commission of the crime, the single act involving the use of the same firearm in the same robbery cannot form the basis of a separate sentence and conviction for use of a firearm while committing a felony. Id. In accordance with this case law, we must reverse the defendant's judgment and sentence for possession of a firearm during the commission of a felony.
Next, the defendant asserts that he was improperly sentenced to adult sanctions. Specifically, he claims that the trial court failed to consider the statutorily enumerated criteria set forth in section 39.059(7)(c), Florida Statutes (1995). Although the defendant's claim of error possesses merit, due to section 924.051, Florida Statutes (Supp.1996), we cannot grant him appellate relief.
Prior to 1994, trial courts were required to make "specific findings" of fact and set forth the reasons for imposing adult sanctions. *900 See § 39.059(7)(d), Fla. Stat. (1993). The 1994 amendment to section 39.059(7) eliminated the earlier requirement of "specific findings," but did not eliminate the requirement of a written order. See Roberts v. State, 677 So.2d 1, 2 (Fla. 5th DCA 1996). The defendant aptly notes that no such written order appears in the instant record.
A trial court's failure to enter a written order relating to the imposition of adult sanctions used to constitute per se error reversible on appeal even in the absence of a contemporaneous objection. See Lang v. State, 566 So.2d 1354, 1357 (Fla. 5th DCA 1990). However, section 924.051(3), Florida Statutes (Supp.1996), provides that "[a]n appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error." We agree with the first district that section 924.051 applies to the sentencing process when juveniles are prosecuted and sentenced as adults and these defendants may not argue that the trial court failed to enter a written order pursuant to section 39.059(7) for the first time on appeal. See Cargle v. State, 701 So.2d 359, 361 (Fla. 1st DCA 1997). Accordingly, since the defendant did not object at sentencing that the trial court failed to enter a written order, this claim of error has not been preserved for appellate review.[5]
AFFIRMED in part, REVERSED in part, REMANDED.
DAUKSCH and W. SHARP, JJ., concur.
NOTES
[1] § 810.02(2)(a), Fla. Stat. (1995).
[2] §§ 782.04, 777.04, Fla. Stat. (1995).
[3] §§ 812.13, 775.087, 777.04, Fla. Stat. (1995).
[4] § 790.07, Fla. Stat. (1995).
[5] The defendant raises two other claims of error which are also not reviewable because they were not preserved by timely objection. See Williams v. State, 697 So.2d 164 (Fla. 1st DCA), rev. denied, 700 So.2d 689 (Fla.1997); Middleton v. State, 689 So.2d 304, 305 (Fla. 1st DCA 1997).