824 So.2d 1055 (2002)
Jerail L. LAW, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3202.
District Court of Appeal of Florida, Fifth District.
September 6, 2002.
James B. Gibson, Public Defender and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Jerail Law (defendant) appeals his judgments and sentences which were entered by the trial court after a jury found him guilty of committing the crimes of armed carjacking, armed burglary of a dwelling, aggravated assault with a firearm, and possession of a firearm in the commission of a felony. The defendant contends that the imposition of the conviction for aggravated assault with a firearm and the conviction for possession of a firearm in the commission of a felony each violate double jeopardy. Concluding that the conviction for aggravated assault with a firearm arose out of a separate incident from the *1056 carjacking and armed burglary charges, we affirm that judgment and sentence. However, since all of the other charges against the defendant were enhanced as a result of his use of the firearm, we must vacate his conviction and sentence on the charge of possession of a firearm in the commission of a felony.
The defendant was charged with committing the crimes of carjacking with a firearm in violation of sections 812.133 and 775.087(2) of the Florida Statutes (2000), burglary of dwelling with a firearm in violation of sections 810.02 and 775.087(2) of the Florida Statutes (2000), aggravated assault with a firearm in violation of sections 784.021(1)(a) and 775.087(a) of the Florida Statutes (2000), possession of a firearm in the commission of a felony, to wit: burglary or carjacking, in violation of section 790.07(2) of the Florida Statutes (2000), and petit theft in violation of section 812.014(3)(a) of the Florida Statutes (2000).
The victim, Donald Walker, testified that at the time the crimes took place he was living with his grandmother. He further explained that on the morning of the day of the crime his grandmother woke him up and told him that a person (the defendant) was at the front door wanting to purchase a car which Walker had for sale. Walker met the defendant outside on the front porch of the house and the defendant told Walker that he wanted to buy the car. The defendant then asked Walker if he could use his phone, so Walker went inside to get his cell phone. When Walker returned to the front porch the defendant "stuck a gun" to his hip and told Walker to back up inside the house. Once inside the house, the defendant told Walker to lie on the ground. The defendant then put his knee on Walker's back, stuck the gun to the back of Walker's head, and demanded the keys to the car. Walker told the defendant that the keys were on the dresser in his bedroom. At that point the grandmother walked out into the living room but the defendant told her to get back into the bedroom. The defendant then grabbed the car keys and fled in Walker's car.
The jury found the defendant guilty on all counts except the petit theft charge. The trial court entered judgments in accordance with the jury's verdict and then sentenced the defendant on count I to a term of 40 years imprisonment, on count II to a concurrent term of 40 years imprisonment, on count III to a concurrent term of 5 years imprisonment, and on count IV to a concurrent term of 5 years imprisonment. The court also enhanced the defendant's sentence, in accordance with the provisions of section 775.087(2) of the Florida Statutes (2000), by ordering the defendant to serve a 10 year mandatory minimum on count I, a 10 year mandatory minimum sentence on count II, and a 3-year mandatory minimum sentence on count III.
The defendant argues that under the facts of this case his aggravated assault conviction was completely subsumed by his carjacking conviction and therefore the trial court's imposition of dual convictions was improper under the constitutional prohibition against double jeopardy. The State responds by arguing that, contrary to the defendant's claim, there were two discrete actions which supported both convictions. Specifically, the aggravated assault occurred when the defendant first accosted the victim with the gun on the porch and ordered him inside the house, and the armed carjacking occurred later when the defendant took the victim's car keys and fled with the vehicle. We agree with the State.
The statutory definition of the crime of carjacking is as follows:
812.133. Carjacking
(1) "Carjacking" means the taking of a motor vehicle which may be the subject *1057 of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the motor vehicle, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
§ 812.133, Fla. Stat. (2000). The statutory definition of the crime of aggravated assault is as follows:
784.021. Aggravated assault
(1) An "aggravated assault" is an assault:
(a) With a deadly weapon without intent to kill;....
§ 784.021, Fla. Stat. (2000).
The evidence of record is sufficient to support the conclusion that the jury found the defendant guilty of aggravated assault based upon his actions on the porch using the gun to force the victim back into the house, and that such actions were separate and apart from the defendant's subsequent use of the gun to commit the carjacking. See Hayes v. State, 803 So.2d 695 (Fla.2001)(holding armed robbery and subsequent grand theft of same victim's automobile involved distinct and independent criminal acts separated in time, place, and circumstances, and therefore convictions on both charges did not violate double jeopardy principles, where defendant first entered victim's residence and robbed victim of various items from inside residence including keys to victim's motor vehicle, then exited the home and proceeded to steal victim's motor vehicle).
The defendant also argues that he was improperly convicted of the crime of possession of a firearm during the commission of a felony since his single act of possessing a firearm during the commission of his crimes could not properly form the basis for both (1) reclassifying and enhancing his sentences for armed carjacking, armed burglary, and aggravated assault with a firearm pursuant to section 775.087(2) of the Florida Statutes (2000); and (2) imposing a separate conviction for possession of a firearm during the commission of a felony pursuant to section 790.07(2) of the Florida Statutes (2000).[1] We agree.
In Cleveland v. State, 587 So.2d 1145 (Fla.1991), the defendant was convicted of, and sentenced for, the crimes of attempted robbery with a firearm and use of a firearm while committing a felony stemming from a single act. The Supreme Court reversed the firearm conviction on double jeopardy principles explaining:
In Hall v. State, 517 So.2d 678 (Fla. 1988), we ruled that the imposition of convictions for both robbery with a firearm and the display of a firearm during a criminal offense was improper when the convictions arose out of a single act. Our rationale in Hall was predicated in large part on Carawan v. State, 515 So.2d 161 (Fla.1987). The special concurring opinion in the decision under review and the state both contend that the legislature's enactment of the 1988 amendment to section 775.021(4) of the Florida Statutes repudiated the rationale supporting Carawan. They further *1058 contend that because the Hall decision utilized the Carawan holding, Hall is no longer valid and we should return to State v. Gibson, 452 So.2d 553 (Fla. 1984), in which similar dual convictions were permitted. We disagree and hold that Hall still controls. It should be noted that Cleveland's attempted robbery conviction was enhanced from a second-degree felony to a first-degree felony because of the use of the firearm. Upon this enhancement Cleveland was punished for all the elements contained in section 790.07(2) and appropriately sentenced.
Id. at 1146. Thus, our Supreme Court has determined that when a felony conviction is reclassified and enhanced under section 775.087(2) of the Florida Statutes (2000) due to the defendant's use of a firearm in committing a crime, the single act of using that same firearm in the commission of the same felony cannot form the basis of a separate sentence and conviction for use of a firearm while committing a felony under section 790.07(2) of the Florida Statutes (2000). See also Carson v. State, 707 So.2d 898 (Fla. 5th DCA 1998)(holding that defendant convicted of attempted robbery with firearm could not, under double jeopardy principles, be convicted and sentenced for possession of firearm during commission of felony, to wit: attempted robbery, as two offenses stemmed from defendant's single act involving use of same firearm in same attempted robbery).
Since the instant record demonstrates that the defendant's carjacking and burglary convictions were enhanced and reclassified pursuant to section 775.087(2) under Cleveland, the defendant's conviction and sentence for possession of a firearm in the commission of a felony must be vacated.
AFFIRMED in part, VACATED in part.
COBB and ORFINGER, R. B., JJ., concur.
NOTES
[1] Section 790.07 of the Florida Statutes (2000) provides, in relevant part:

790.07. Persons engaged in criminal offense, having weapons
* * *
(2) Whoever, while committing or attempting to commit any felony, displays, uses, threatens, or attempts to use any firearm or carries a concealed firearm is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, and s. 775.084.