COHEN, J.
 

 This appeal questions whether double jeopardy bars Appellant’s convictions for carjacking with a weapon and aggravated assault (deadly weapon). We find it does not and affirm.
 

 Appellant entered an open no contest plea to charges of carjacking with a weapon, aggravated assault (deadly weapon), and petit theft. During the plea hearing, the State offered the following factual predicate. The victim was driving to work around 6:20 a.m. when she observed Appellant crying and waving her arms at an intersection. When the victim rolled down her window, Appellant explained that her van had broken down and she needed a ride home. The victim agreed and drove to Appellant’s neighborhood. Once there, she asked Appellant to get out so that she could get to work on time. Appellant reached forward as if to pick up her purse, but instead thrust a six-inch knife towards the victim’s throat. The victim held Appellant’s knife arm away with one hand while she attempted to release her seatbelt with her other hand. Appellant grabbed the victim’s free hand and demanded her money, purse, and phone. Fearing for her life, the struggling victim released the brake pedal, causing Appellant to panic. During the ensuing melee, the victim jumped from the vehicle and Appellant drove off. Law enforcement located the vehicle later that day next to a drainage ditch where the victim’s purse, without her personal property, had been abandoned. Defense counsel added that Appellant told
 
 *149
 
 the police that the two men she left with her broken-down van had given her the knife with instructions to get another vehicle and money. The police apprehended the two men, who had criminal records, while they were attempting to refuel her van.
 

 Although Appellant failed to raise the double jeopardy issue below, such a claim raises a question of fundamental error that can be raised for the first time on direct appeal.
 
 See Crites v. State,
 
 959 So.2d 1265, 1267 (Fla. 5th DCA 2007), citing
 
 Scarola v. State,
 
 889 So.2d 108, 109— 10 (Fla. 5th DCA 2004) (en banc). Although a guilty plea and adjudication of guilt generally preclude a later double jeopardy attack, an exception applies when, as in this case, there is a general or open plea, the double jeopardy is apparent from the face of the record, and there is nothing in the record to indicate a waiver of double jeopardy.
 
 See Brown v. State,
 
 1 So.3d 1231 (Fla. 2d DCA 2009), citing
 
 Novaton, v. State,
 
 634 So.2d 607, 609 (Fla. 1994). The appeal is permitted by Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)e., as one “otherwise provided by law.”
 
 Barfield v. State,
 
 871 So.2d 929, 930 (Fla. 5th DCA 2004). A double jeopardy claim based on undisputed facts presents a pure question of law and is reviewed de novo.
 
 Pizzo v. State,
 
 945 So.2d 1203,1206 (Fla.2006).
 

 Appellant argues that because the single action of thrusting a knife toward the victim comprised the elements of both offenses, her conviction for aggravated assault with a deadly weapon was subsumed by the greater offense of armed carjacking and, therefore, violates double jeopardy. The analysis turns upon a comparison of the statutory elements of the offenses, rather than a focus upon the single action she committed.
 
 See Pizzo,
 
 945 So.2d at 1207, approving
 
 Donovan v. State,
 
 572 So.2d 522 (Fla. 5th DCA 1990).
 

 Carjacking involves the following elements: (1) the taking of a motor vehicle from the person or custody of another; (2) with the intent to either permanently or temporarily deprive the person of the motor vehicle; and (3) during the taking, there is the use of force, violence, assault, or putting in fear. § 812.133(1), Fla. Stat. (2007). If, in the course of committing the carjacking, the offender carried a firearm or other deadly weapon, the offense is a felony of the first degree. § 812.133(2)(a). In comparison, aggravated assault is an assault with a deadly weapon without intent to kill. §§ 784.021(l)(a), 784.011, Fla. Stat. (2007).
 

 In
 
 Law v. State,
 
 824 So.2d 1055 (Fla. 5th DCA 2002), this court held that armed carjacking does not subsume aggravated assault with a firearm where the defendant’s use of the gun to gain entry to the house was separate and apart from his subsequent act of armed carjacking.
 
 Law
 
 relied upon
 
 Hayes v. State,
 
 803 So.2d 695 (Fla.2001), which held that armed robbery and the subsequent grand theft of the same victim’s automobile were criminal acts sufficiently separated by time, place, and circumstance to permit dual convictions and punishments without violating double jeopardy. The prohibition against double jeopardy does
 
 not
 
 prohibit multiple convictions and punishments where a defendant commits two or more distinct criminal acts.
 
 Hayes,
 
 803 So.2d at 700, citing
 
 Blockburger v. United States,
 
 284 U.S. 299, 302-04, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The defendant in
 
 Law
 
 used a gun to threaten the victim and gain entry to the victim’s house. Once inside, he ordered the victim to the ground, placed a knee in his back and a gun to his head, and demanded his car keys. After Law grabbed the car keys, he fled in the victim’s car.
 

 
 *150
 
 While
 
 Law
 
 was correctly decided, the temporal and spatial analysis is unnecessary to answer the double jeopardy issue presented in this case. Although it is undisputed that the events in the present case occurred over a matter of seconds while both individuals were seated in the victim’s van, the gravamen of the aggravated assault offense is the use of a deadly weapon, not merely carrying one, as required for armed carjacking. As the Florida Supreme Court stated in
 
 State v. Baker,
 
 452 So.2d 927 (Fla.1984):
 

 In virtually every case of armed robbery, the deadly weapon carried by the perpetrator is the means by which he induces ‘force, violence, assault, or putting in fear,’.... However, the statutory element which enhances punishment for armed robbery is not the
 
 use
 
 of the deadly weapon, but the mere fact that a deadly weapon was
 
 carried. ...
 

 Id.
 
 at 929. Because the offense of aggravated assault requires proof of an element not required for armed carjacking, multiple convictions and punishments may be imposed. § 775.021(4)(a), Fla. Stat. (2007).
 

 Appellant also raised, for the first time on appeal, the trial court’s failure to hold a competency hearing once it invoked Florida Rule of Criminal Procedure 3.210. Before raising this issue on appeal, Appellant must first file a motion to withdraw the plea with the trial court.
 
 See Hicks v. State,
 
 915 So.2d 740, 741 (Fla. 5th DCA 2005). Because Appellant failed to do so, we lack jurisdiction to consider her claim.
 
 Id.
 

 AFFIRMED.
 

 MONACO, C.J., and GRIFFIN, J„ concur.