MONACO, C.J.
 

 The appellant, Kenneth Reeves, was convicted, among other charges, of three counts of armed burglary of a conveyance with explosives or a dangerous weapon, and one count of armed burglary of a structure, each with a special verdict finding that Mr. Reeves was in actual possession of a destructive device in the commission of the offense. In addition, Mr. Reeves was convicted of four counts of possession or discharging a destructive device (Counts 8-11). The issue before us is whether the convictions for four separate armed burglaries with an explosive device and the four convictions for possession of a destructive device violates double jeopardy. We conclude that in this instance they do.
 

 The verdict forms used at the trial of Mr. Reeves gave no indication of whether the jury found that he had committed a “possession” or a “making” with respect to each destructive device. After considering section 775.021, Florida Statutes (2007), our decision in
 
 Stearns v. State,
 
 626 So.2d 254 (Fla. 5th DCA 1993),
 
 approved by,
 
 645 So.2d 417 (Fla.1994), and other authorities, we conclude that a conviction for both armed burglary and possession of a destructive device under the facts of the present case violates double jeopardy principles.
 
 See Young v. State,
 
 43 So.3d 876 (Fla. 5th DCA 2010);
 
 State v. Reardon,
 
 763 So.2d 418, 419 n. 3 (Fla. 5th DCA 2000),
 
 review dismissed,
 
 806 So.2d 446 (Fla.2002). As we are required under the principle of lenity to read the verdicts rendered in the present case in a manner that would give the benefit of the doubt to the defendant, we further conclude that the convictions of possession or discharging of a destructive device described in counts 8 through 11 must be vacated.
 

 Our sister court in the third district summed up the issue that we address in a somewhat similar case. In
 
 Torna v. State,
 
 742 So.2d 366, 367 (Fla. 3d DCA 1999), that court stated:
 

 This verdict form is the crux of the problem here as it contains no indications as to whether the jury found that Torna had committed a “burglary with an assault,” or a “burglary with a battery.” Given Torna’s additional conviction of “battery,” the determination of “with an assault” or “with a battery” was necessary so as to not run afoul of the double jeopardy issue. Since the determination was not made, and we cannot guess what the jury was thinking, we must conclude that Torna was indeed subjected to double jeopardy by his conviction of both “burglary with an assault and/or battery” and “battery.”
 

 Accordingly, we affirm the judgment and sentence in all respects except with
 
 *875
 
 respect to the convictions of counts 8 through 11 which charged Mr. Reeves in each instance with the possession or discharge of a destructive device. We vacate the convictions regarding counts 8 through 11, and remand for resentencing.
 

 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 EVANDER and JACOBUS, JJ., concur.