PER CURIAM.
Appellant, Karen Chagnon, appeals her convictions of both felony petit theft and hiring a vehicle with the intent to defraud. Appellant claims that double jeopardy precludes her from being convicted of both offenses. Appellant also claims there is no authority to assess a fine when sentenced as a habitual felony offender; the State concedes this issue.[1] We reverse and remand to remove the conviction for petit theft and remove the fine.
Appellant hired a taxi with the intent not to pay for the service. She was charged and convicted of hiring a vehicle with intent to defraud under section 817.52(2), Florida Statutes (2012). Based on this incident, she was also convicted of felony petit theft under section 812.014, Florida Statutes (2012). Because the present conviction was her third such offense, she was designated a habitual felony offender. On appeal, Appellant argues that she cannot be convicted on both charges because all of the elements of hiring a vehicle with intent to defraud are subsumed within the general theft statute and therefore double jeopardy applies.
We review a claim of double jeopardy de novo. Bailey v. State, 21 So.3d 147, 149 (Fla. 5th DCA 2009). The Block-burger [2] test, as codified in section 775.021(4)(a), Florida Statutes (2014), considers offenses to be separate if “each offense requires proof of an element that the other does not.”
Here, Appellant’s conviction for hiring a vehicle with the intent to defraud required the State to establish that: (1) Appellant hired a taxi, (2) which was owned by or in possession of another, (3) with the intent not to remit payment. The elements of the petit theft crime required the State to establish that: (1) Appellant unlawfully obtained the use of property belonging to another — the taxi, (2) with the intent to deprive the owner of a benefit therefrom and did appropriate said property for her own use — the taxi fare. Thus, although petit theft does not require the hiring of a taxi, the remaining elements are the same.
In Rios v. State, 660 So.2d 795, 796 (Fla. 5th DCA 1995), this court found that “[a]l-though the elements of the failure to return a hired vehicle crime and the theft crime are not the same, it is clear that the specific crime regarding a hired vehicle is generally included in the general theft statute.” Accordingly, we held that only one offense was committed. Id.
In the case before us, the specific crime regarding the hiring of a vehicle with intent to defraud is included in the general theft statute. We, therefore, find that only one offense was committed. We reverse and remand for the trial court to vacate the conviction and sentence on the petit theft charge and vacate the fine relating to the habitual felony offender status.
REVERSED AND REMANDED with instructions.
SAWAYA, COHEN, JJ., and HARRIS, C.M., Senior Judge, concur.

. A trial court is not authorized to impose a fine under section 775.083, Florida Statutes, when defendant sentenced as a habitual offender under section 775.084, Florida Statutes. See King v. State, 681 So.2d 1136, 1139-40 (Fla.1996).

. Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).