634 So.2d 693 (1994)
Leon Craig DOUGLASS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3702.
District Court of Appeal of Florida, First District.
March 15, 1994.
Rehearing Denied April 19, 1994.
*694 Leon Craig Douglass, appellant pro se.
Robert A. Butterworth, Atty. Gen., Marilyn McFadden, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
In this direct criminal appeal, appellant raises seven issues: (1) whether the trial court erroneously failed to conduct a proper Nelson inquiry in response to appellant's request that appointed counsel be discharged; (2) whether the trial court erroneously denied appellant's motion for a change of venue; (3) whether the trial court erroneously failed to swear the jury venire before commencing voir dire; (4) whether the trial court erroneously denied appellant an opportunity to examine a prospective juror regarding pretrial publicity; (5) whether the trial court erroneously received a videotape of the crime scene in evidence; (6) whether the trial court erroneously denied appellant's motion for a mistrial, made after the prosecutor commented on appellant's failure to testify; and (7) whether the trial court committed fundamental error when it gave a flight instruction to the jury. After a careful examination of the record, we conclude that six of the alleged errors merit neither reversal nor discussion. However, because the trial court denied appellant's request that his appointed counsel be discharged without properly explaining appellant's rights, we are constrained to reverse and remand for a new trial.
Prior to trial, appellant filed a motion in which he requested that the public defender be discharged and a private attorney appointed to represent him. The motion, prepared by appellant without legal assistance, may fairly be read as asserting appellant's belief that the public defender was not providing a competent defense. Moreover, it is apparent from the transcript of the hearing which subsequently took place that the trial court so construed the motion. In Nelson v. State, 274 So.2d 256, 258-59 (Fla. 4th DCA 1973), approved in, Hardwick v. State, 521 So.2d 1071 (Fla. 1988), the court said:
[W]here a defendant, before the commencement of trial, makes it appear to the trial judge that he desires to discharge his court appointed counsel, the trial judge, in order to protect the indigent's right to effective counsel, should make an inquiry of the defendant as to the reason for the request to discharge. If incompetency of counsel is assigned by the defendant as the reason, or a reason, the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant. If reasonable cause for such belief appears, the court should make a finding to that effect on the record and appoint a substitute attorney who should be allowed adequate time to prepare the defense. If no reasonable basis appears for a finding of ineffective representation, the trial court should so state on the record and advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute... . If the defendant continues to demand a dismissal of his court appointed counsel, the trial judge may in his discretion discharge counsel and require the defendant to proceed to trial without representation by court appointed counsel.

(Emphasis added.)
Here, the trial court conducted a hearing at which it heard from appellant and appointed counsel regarding the nature of appellant's complaints. The trial court then concluded, correctly, that there was no reasonable basis for appellant's belief that appointed counsel was not providing a competent defense. However, the trial court failed to inform appellant that, while he might discharge appointed counsel, the state would not be required to provide alternative representation; or that appellant was entitled to represent himself, assuming that he was found competent to do so. This has been held repeatedly to be error. E.g., Lewis v. State, 623 So.2d 1205 (Fla. 4th DCA 1993) (en *695 banc); Matthews v. State, 584 So.2d 1105 (Fla. 2d DCA 1991); Taylor v. State, 557 So.2d 138 (Fla. 1st DCA 1990). The state has failed to argue that this error was harmless. Therefore, we are unable so to view it. E.g., Lewis; Taylor.
Because the trial court denied appellant's request that his appointed counsel be discharged without properly explaining appellant's rights, we must reverse and remand for a new trial. At the subsequent trial, the jury should not be given a flight instruction. Fenelon v. State, 594 So.2d 292 (Fla. 1992); Taylor v. State, 630 So.2d 1038 (Fla. 1993).
REVERSED and REMANDED, with directions.
ZEHMER, C.J., and JOANOS and WEBSTER, JJ., concur.