PER CURIAM.
Thomas Clyde Kennedy appeals his convictions and sentences for sale or delivery of cocaine and possession of cocaine with intent to sell. Kennedy contends that the trial *677 court, in response to Kennedy’s assertion that he desired to discharge the public defender, misinformed him with respect to a criminal defendant’s right to self-representation. We agree and reverse.
On March 4, 1993, Kennedy appeared for trial. Before the jury was sworn, Kennedy informed the court that he wished to discharge the assistant public defender. After inquiring into Kennedy’s reasons, the trial court stated:
Now I am not going to discharge Mr. Soberay. Mr. Soberay is an excellent attorney. He has considerable trial experience. Even if I were to discharge him, which I would not, I would not appoint somebody else. I’ve appointed the Public Defender. He is one of possibly 48 Public Defenders. The Public Defender, Mr. Lou Frost, has assigned him to your case. If I discharge the Public Defender, which I’m not going to do, but if I did, that would not mean I would appoint someone else to represent you. You would then have the option of proceeding on your own.
This is an inaccurate statement of the law concerning a criminal defendant’s right of self-representation. See Nelson v. State, 274 So.2d 256, 258-59 (Fla. 4th DCA 1973), approved, Hardwick v. State, 521 So.2d 1071, 1074-75 (Fla.1988).
We recently ordered a new trial in Douglass v. State, 634 So.2d 693 (Fla. 1st DCA 1994), where Douglass, prior to trial, requested that the public defender be discharged and that the court appoint a private attorney to represent him. The trial court conducted a hearing and found that Douglass’ complaints concerning the public defender were groundless, but failed to inform Douglass that, while he could discharge appointed counsel, the state would not thereafter be required to provide alternative representation; the trial court also failed to inform Douglass that he could represent himself if he was found competent to do so. Id. at 694.
Here the trial court ruled out the possibility of Kennedy’s representing himself by informing him that “the option of proceeding on your own” was not available to him. Kennedy argues, we think correctly, that the trial court precluded his asserting his right to represent himself by ruling that he could represent himself only if the court discharged the public defender, “which [the court was] not going to do.” An accused’s right to represent himself does not hinge on the court’s willingness “to discharge” appointed counsel. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
Accordingly, Kennedy’s convictions and sentences are reversed, and the cause is remanded for a new trial.
JOANOS, WOLF and BENTON, JJ., concur.