670 So.2d 965 (1995)
Everett V. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-669.
District Court of Appeal of Florida, First District.
December 18, 1995.
Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General; James W. Rogers, Bureau Chief of Criminal Appeals; Vincent Altieri, Assistant Attorney General, Tallahassee, for appellee.
WOLF, Judge.
Appellant seeks review from a judgment and sentence for attempted robbery with a firearm, carrying a concealed firearm, resisting arrest without violence, and possession of a firearm by a minor. Appellant argues that he may only be convicted of one crime involving a firearm arising out of a single criminal episode. In light of this court's opinion in A.J.H. v. State, 652 So.2d 1279 (Fla. 1st DCA 1995), and the supreme court's holding in State v. Stearns, 645 So.2d 417 (Fla.1994), we vacate Brown's convictions for carrying a concealed firearm and possession of a firearm by a minor. We do, however, certify a question of great public importance, because we are unable to ascertain on what basis the supreme court determined in Stearns that convictions and sentences for separate offenses involving different elements would be impermissible.
In A.J.H., supra, this court stated that in State v. Stearns, supra, the supreme court interpreted State v. Brown, 633 So.2d 1059 (Fla.1994), "as standing for the proposition that a defendant could not be convicted and sentenced for two crimes involving a firearm that arose out of the same criminal episode." A.J.H., supra at 1280. This appears to be an accurate reading of Stearns. We are unable, however, to see how the holding in Brown involved such a broad precept of law.
In State v. Brown, supra, the supreme court approved the decision of the first district, Brown v. State, 617 So.2d 744 (Fla. 1st DCA 1993). The district court's decision held that a person could not be convicted and sentenced for both armed robbery with a firearm and possession of a firearm during commission of a felony because the second charge did not include any statutory elements which were not included in statutory elements of armed robbery with a firearm. The first district's decision in Brown v. State was based on analysis of State v. Smith, 547 So.2d 613 (Fla.1989), and section 775.021(4)(a), Florida Statutes. We stated,
With respect to cumulative sentences in a single trial, the dispositive question is whether the Legislature intended separate convictions and sentences for the two crimes. State v. Smith, 547 So.2d 613, 614 (Fla.1989). In State v. Smith, the supreme court recognized that the Legislature expressed its specific intent concerning separate convictions and sentences for two crimes committed during the same criminal transaction by the passage of chapter 88-131, section 7, Laws of Florida (codified *966 in section 775.021(4)(b), Florida Statutes). The court stated in Smith that "absent a statutory degree crime or a contrary clear and specific statement of legislative intent... all criminal offenses containing unique statutory elements shall be separately punished" and, thus, "section 775.021(4)(a), Florida Statutes, should be strictly applied without judicial gloss." Smith, supra at 616. Section 775.021(4)(a), Florida Statutes (1991), reads as follows:
Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purpose of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

Brown, supra at 746 (emphasis in original).
In State v. Stearns, supra, the supreme court, however, applied the Brown holding to crimes that contain distinct statutory elements: Burglary of a structure while armed, and carrying a concealed weapon while committing a grand theft. One crime contains the distinct element of a burglary, while the other crime not only requires the carrying of a weapon, but also that the weapon be concealed.
In the instant case, while all three crimes involve a firearm, they all contain distinct elements not contained in the other charges. The first charge has the element of an attempted robbery, the second charge requires the firearm to be concealed, and the third charge requires that the person carrying the firearm be a minor. While we feel that we are mandated to vacate two of the convictions pursuant to Stearns, supra, we are unable to see the applicability of State v. Brown, supra, to this situation. We, therefore, certify the following question to be one of great public importance:
WHEN A DEFENDANT COMMITS THREE OFFENSES DURING THE SAME CRIMINAL EPISODE EACH INVOLVING A FIREARM BUT EACH HAVING SEPARATE AND DISTINCT ELEMENTS, MAY THE DEFENDANT BE CONVICTED AND SENTENCED FOR ALL THREE CRIMES?
LAWRENCE, J., concurs.
BENTON, J., concurring with written opinion.
BENTON, Judge, concurring.
I write separately to explain why I concur in concluding that the double jeopardy question is cognizable not only as to appellant's sentences, but also as to his convictions. Although appellant and the prosecutor struck a plea bargain, which was reduced to writing by filling in a form plea agreement, the form plea agreement was later amended by striking through the handwritten provisions as to sentencing and adding the words "straight up plea." Both the original and the amended versions are of record. The plea colloquy makes clear that the original plea bargain was rescinded by agreement of both parties. The convictions all arise from a single transaction: on this point there is no factual dispute.
In holding that a convict appealing denial of a motion filed under Florida Rule of Criminal Procedure 3.850 could raise a double jeopardy claim never previously presented, the court in State v. Johnson, 483 So.2d 420, 421 (Fla.1986) posed the question
Does a defendant waive his right to assert double jeopardy when he fails to raise it before the trial court at the time he is again placed in jeopardy?
The court answered this question "in the negative with the qualification that there may be limited circumstances when the assertion of the double jeopardy defense may be knowingly waived." Id. Here the record demonstrates no knowing waiver.
Five years after Johnson, citing not Johnson but a ten-year-old district court decision, Hines v. State, 401 So.2d 878 (Fla. 3d DCA 1981), we held that "the failure to raise ... [a double jeopardy] issue in the trial court, with regard to multiple convictions, precludes *967 consideration of the issue on appeal." Wright v. State, 573 So.2d 998, 1000 (Fla. 1st DCA 1991). We followed Wright in Perrin v. State, 599 So.2d 1365 (Fla. 1st DCA 1992), Kio v. State, 624 So.2d 744 (Fla. 1st DCA 1993), Salgat v. State, 630 So.2d 1143 (Fla. 1st DCA 1993), and Graham v. State, 631 So.2d 388 (Fla. 1st DCA 1994), allowing double jeopardy challenges to sentences but not to convictions. Accord Laines v. State, 662 So.2d 1248 (Fla. 3d DCA 1995), D2515 (reh. den. Nov. 15, 1995); Irizarry v. State, 578 So.2d 711 (Fla. 3d DCA 1990), disapproved on other grounds, Williams v. State, 594 So.2d 273 (Fla.1992); Sands v. State, 403 So.2d 1090 (Fla. 3d DCA 1981). But see, e.g., Sirmons v. State, 634 So.2d 153 (Fla.1994); Kurtz v. State, 564 So.2d 519, 521 (Fla. 2d DCA 1990) ("Nothing in the statute suggests that the legislature intends the judiciary to convict defendants of offenses for which no sentence can be imposed"), disapproved on other grounds, Novaton v. State, 634 So.2d 607 (Fla.1994).
By itself silence does not demonstrate a free and knowing waiver of a double jeopardy claim either as to conviction or as to sentence. Arnold v. State, 578 So.2d 515 (Fla. 4th DCA 1991) (nolo plea without reservation did not waive right to challenge conviction, as well as sentence, on double jeopardy grounds), disapproved on other grounds, Novaton. To the extent that the decisions in Graham, Salgat, Kio, Perrin, and Wright held otherwise, they were in error. Last year our supreme court spoke to the question:
The general rule is that a plea of guilty and subsequent adjudication of guilt precludes a later double jeopardy attack on the conviction and sentence. United States v. Broce, 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989). There is an exception to this general rule when (a) the plea is a general plea as distinguished from a plea bargain; (b) the double jeopardy violation is apparent from the record; and (c) there is nothing in the record to indicate a waiver of the double jeopardy violation.
Novaton, 634 So.2d at 609. The exception applies here. While rejecting the proposition "that a plea does not [ever] constitute a waiver," id., the supreme court subsequently implied that a guilty plea does not waive a claim of double jeopardy as to a resulting conviction and sentence where the defendant has not "bargained with the State and specifically agreed to plead to each charge and specifically accepted each sentence in exchange for reduced [punishment.]" Melvin v. State, 645 So.2d 448, 449 n. 1 (Fla.1994). Any waiver that might have occurred here was rendered ineffective upon rescission of the plea bargain, the amended plea agreement notwithstanding. See Menna v. New York, 423 U.S. 61, 63 n. 2, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975).
On the merits, I concur on the basis of stare decisis. The parties' briefs reveal no factual dispute. According to the prosecutor's narrative, the charges at issue here are duplicative under the decided cases. This makes appellant's plea a "redundant confession." United States v. Broce, 488 U.S. 563, 576, 109 S.Ct. 757, 766, 102 L.Ed.2d 927 (1989). Considerations of judicial economy militate in favor of addressing appellant's double jeopardy claims on direct appeal as to convictions and sentences alike. See Menna; Melvin; Novaton.