665 So.2d 315 (1995)
Anthony Jerome BODIFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3073.
District Court of Appeal of Florida, First District.
December 18, 1995.
Rehearing Denied January 24, 1996.
Nancy A. Daniels, Public Defender, Chet Kaufman, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
We reverse appellant's conviction for trafficking in cocaine, because the trial court failed to conduct a full Nelson[1] inquiry after appellant requested the appointment of substitute counsel.
Although appellant's motion was one styled for continuance, the substance of his motion involved a challenge to his attorney's competence. Therefore, the court was required to make a full Nelson inquiry. See Hardwick v. State, 521 So.2d 1071, 1074-75 (Fla.) (quoting Nelson v. State, 274 So.2d 256, 258-59 (Fla. 4th DCA 1973) (citation omitted)), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988). The court satisfied the first prong of the Nelson test by questioning both appellant and his counsel, but after determining that there was no reasonable basis to discharge the attorney, the court failed to satisfy the second prong of Nelson, that is, it did not advise appellant that if he continued his request to discharge counsel, a new lawyer would not be appointed, nor did it inform appellant of his right to self-representation. See, e.g., Douglass v. State, 634 So.2d 693 (Fla. 1st DCA 1994); Taylor v. State, 557 So.2d 138 (Fla. 1st DCA 1990).
*316 In so saying, we reject the state's argument that Smith v. State, 641 So.2d 1319 (Fla. 1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1129, 130 L.Ed.2d 1091 (1995), and Capehart v. State, 583 So.2d 1009 (Fla. 1991), cert. denied, 502 U.S. 1065, 112 S.Ct. 955, 117 L.Ed.2d 122 (1992), overruled cases such as Douglass and Taylor sub silentio. Unlike Douglass and Taylor, neither Smith nor Capehart addressed allegations of incompetency, rather they involved mere expressions of dissatisfaction with counsel. The law is clear that a trial court need only conduct a Nelson inquiry if the defendant questions the attorney's competence. Smith, 641 So.2d at 1321 (defendant expressed dissatisfaction, but did not question attorney's competence); Kearse v. State, 605 So.2d 534, 536 (Fla. 1st DCA 1992) (Nelson inquiry was not required for conflict-of-interest and bias claims made in motion to discharge), review denied, 613 So.2d 5 (Fla. 1993); Johnson v. State, 560 So.2d 1239, 1240 (Fla. 1st DCA 1990) (trial court is not required to conduct a full Nelson inquiry when conflict, not incompetency, is the basis for the motion to discharge).
As the state has failed to argue the error was harmless, we REVERSE and REMAND for new trial. See, e.g., Douglass.
ERVIN and MICKLE, JJ., concur.
LAWRENCE, J., dissents with opinion.
LAWRENCE, Judge, dissenting.
I respectfully dissent because I am unable to conclude that Bodiford established adequate grounds to have his attorney discharged and another appointed for him. Our supreme court tells us that "[w]ithout establishing adequate grounds, a criminal defendant does not have a constitutional right to obtain different court-appointed counsel." Capehart v. State, 583 So.2d 1009, 1014 (Fla. 1991), cert. denied, 502 U.S. 1065, 112 S.Ct. 955, 117 L.Ed.2d 122 (1992).
Bodiford's statements to the trial judge are as follows. Bodiford, at the outset of jury selection, said:
Bodiford: Yes. I would like to request to be co-counsel for my trial.
The Court: You would like to be co-counsel?
Bodiford: Yes, sir.
The Court: What's wrong with the counsel you've got?
Bodiford: We don't see things together, and I rather have a chance to talk, too, instead of letting the one person talk.
Defense counsel: Judge, I have a motion to withdraw, to either let him handle the case upon himself or let me handle his case.
The Court: All right. The request to be co-counsel in this case, 94-548, is denied. Mr. Jarvis will handle the Defense.
Bodiford, after the jury was selected, said:
Bodiford: Yes. Your Honor, I would like to take this time out to ask the Court for a continuance. The reason why is because I don't feel like I would have a fair and just trial because of my representing by Mr. Jarvis. I'm asking that I would be appointed another attorney, because he insists that I agree to a plea bargain of 10 months in the county jail following four years' probation, which is more than reasonable for a trafficking charge. But he doesn't want to accept the fact there is no reasonable plea agreement when you are innocent. I'm not willing to accept nothing less than but my innocence.
Defense counsel: Talk a little bit softer.
Bodiford: Secondly, I have asked Mr. Jarvis on several occasions to file for a motion to suppress the evidence pertaining to my case, and he denied my request on all occasions. He stated to me that there would  there's no reason for a motion to suppress evidence because of the reliable confidential informant's statement on the arrest report. But the reliable confidential informant is not testifying to back up his or her statement. So that is one reason to suppress evidence, because without the reliable confidential informant's testimony, there is no proper cause for the surveillance and the traffic stop.
Another reason for a motion to suppress evidence is the surveillance was out of the jurisdiction of the investigating officer. And by these things, there was no probable cause for a traffic stop as well as a *317 search of the vehicle. Because on the arrest report that he verified and by Leo (sic) and everything, it states that the reason why the car was surveilled and stopped was by the reliable confidential informant's statements.
The Court: Respond.
Defense counsel: Judge, as you're aware, part of the duties of a public defender or any criminal defense lawyer are that whenever you receive any plea bargains a long the way, you're instructed it's your job to tell your client what that plea bargain is. I would be derelict in my duties if I did not instruct every new plea agreement that I've got on my client's behalf, if I did not tell him about that. I have never forced him to sign any plea agreements. I have never coerced him. I've always told him when the plea agreements change, I let him know what it was. And that's part of my duties. If he doesn't wish to accept any plea bargains, then he has the option of going to trial, which is what brings us here today.
As to the motion to suppress, Judge, I myself looked into it. I had a paralegal look into it. We felt that based upon the deposition I received from Officer Barnard and the facts that a reliable confidential informant was used in this case, that he had been used in the past on several occasions, and I believe it was like six or eight arrests that has been from this  has come from this reliable confidential informant, I did not feel based upon the case law that I've looked over that we had reasons to bring forth a motion to suppress. I believe it would have been a frivolous motion, and I did not want to bring such a motion before the Court.
The Court: Motion to continue the case is denied. Bring the jury in.
There is nothing in either of Bodiford's statements which he asserted as grounds for a continuance that constitutes a claim of incompetence of counsel; he rather is expressing dissatisfaction with his counsel, which is insufficient. Smith v. State, 641 So.2d 1319 (Fla. 1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1129, 130 L.Ed.2d 1091 (1995). A Nelson inquiry therefore was unnecessary. The majority concludes that "the substance of [Bodiford's] motion involved a challenge to his attorney's competence." Majority op. at 315. I disagree with the construction the majority places on the above-quoted language. I would affirm Bodiford's judgment and sentence for trafficking in cocaine.
NOTES
[1] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).