WOLF, Judge.
Craft (defendant) was found guilty of first-degree murder and carrying a concealed firearm. In a subsequent trial arising out of the same incident, he was found guilty of possession of a firearm by a convicted felon. Defendant raises four issues on appeal: (1) Whether the lower court erred in denying appellant’s motion to suppress evidence; (2) whether the lower court erred in denying appellant’s motion for appointment of new counsel; (3) whether the lower court erred in allowing the homicide to become a feature of the trial for possession of a firearm by a convicted felon; and (4) whether the lower court erred in imposing judgments and sentences on both firearm offenses. We find no merit as to issue three, and affirm without discussion. As to issue one, we find that the trial court did not err in making the factual determination that there was no reasonable expectation of privacy as to the contents of a garbage can left outside a privacy fence. See U.S. v. Hedrick, 922 F.2d 396 (7th Cir.1991), cert. denied, 502 U.S. 847, 112 S.Ct. 147, 116 L.Ed.2d 113 (1991). We, therefore, affirm as to issue one.
As to issue two, while we find that the trial court erred in failing to inform the defendant as to his right of self representation after hearing defendant’s motion to discharge counsel based on incompetence (see Bodiford v. State, 665 So.2d 315 (Fla. 1st DCA 1995)), we find that such an error was harmless in light of the overwhelming evidence of guilt and the later representations by defendant’s counsel in defendant’s presence that he did not desire to represent himself. See Parker v. State, 570 So.2d 1053 (Fla. 1st DCA 1990), rev. denied, 581 So.2d 1309 (Fla.1991).
As to issue four, we are required to vacate the conviction for carrying a concealed firearm for the reasons set forth in Brown v. State, 670 So.2d 965 (Fla. 1st DCA 1995). We again certify the question previously certified in Brown:
WHEN A DEFENDANT COMMITS SEPARATE OFFENSES DURING THE SAME CRIMINAL EPISODE, EACH INVOLVING A FIREARM, BUT EACH HAVING SEPARATE AND DISTINCT ELEMENTS, MAY THE DEFENDANT BE CONVICTED AND SENTENCED FOR EACH CRIME?
BOOTH, J., concurs.
BENTON, J., concurs in result.