WEBSTER, Judge.
In this direct criminal appeal, appellant seeks review of his convictions for armed robbery and four counts of armed kidnapping. He asserts that the trial court committed reversible error when- (1) it failed fully to explain his options after it denied his request to discharge his appointed attorney because the attorney was not rendering effective assistance; and (2) it denied his motion to suppress a confession. We affirm the denial of the motion to suppress the confession without further discussion. However, because the trial court failed to follow established law requiring that it explain appellant’s options after it denied appellant’s request to discharge his attorney, we are constrained to reverse, and to remand for a new trial.
During a pretrial hearing, appellant requested that his appointed attorney be discharged and another attorney, who had been appointed to represent him in defense of similar charges in an adjoining county within the circuit, be appointed. The ensuing discussion made it clear that appellant’s request was motivated, at least in part, by the belief that his attorney was not providing a competent defense. It is equally clear that the trial court so understood the nature of appellant’s complaints.
In Nelson v. State, 274 So.2d 256, 258-59 (Fla. 4th DCA 1973), approved in, Hardwick v. State, 521 So.2d 1071 (Fla.1988), the court said:
[W]here a defendant, before the commencement of trial, makes it appear to the trial judge that he desires to discharge his court appointed counsel, the trial judge, in order to protect the indigent’s right to effective counsel, should make an inquiry of the defendant as to the reason for the request to discharge. If incompeteney of counsel is assigned by the defendant as the reason, or a reason, the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant. If reasonable cause for such belief appears, the court should make a finding to that effect on the record and appoint a substitute attorney who should be allowed adequate time to prepare the defense. If no reasonable basis appears for a finding of ineffective representation, the trial court should so state on the record and advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute.... If the defendant continues to demand a dismissal of his court appointed counsel, the trial judge may in his discretion discharge counsel and require the defendant to proceed to trial without representation by court appointed counsel.
(Emphasis added.) Here, the trial court heard from appellant and his appointed attorney regarding the complaints raised by appellant. It then concluded that there was no reasonable basis for appellant’s expressed *1315 belief that the attorney was not providing a competent defense. However, the trial court did not tell appellant that, while he might discharge appointed counsel, the state would not be required to provide alternative representation, in the form of the attorney who had been appointed to represent appellant in the adjoining county or otherwise; or that appellant was entitled to represent himself, assuming that he was found competent to do so. This has been held repeatedly to constitute error. E.g., Bodiford v. State, 665 So.2d 315 (Fla. 1st DCA 1995); Douglass v. State, 634 So.2d 693 (Fla. 1st DCA 1994); Lewis v. State, 623 So.2d 1205 (Fla. 4th DCA 1993) (en banc); Matthews v. State, 584 So.2d 1105 (Fla. 2d DCA 1991); Taylor v. State, 557 So.2d 138 (Fla. 1st DCA 1990).
The state, and the dissent, argue that the error was harmless because it is apparent from the record that appellant did not wish to represent himself — the real underlying basis for his request was that he wanted the attorney who had been appointed to represent him in the adjoining county to represent him in this case as well. Perhaps the state and the dissent are better at “reading between the lines” than are we, but our reading of the relevant portions of the record does not lead us to such a clear and unequivocal conclusion. We have particular difficulty with such an argument considering that the error asserted is the trial court’s failure to tell appellant that he might represent himself, and there is nothing in the record to suggest that appellant was aware of that right. It is not entirely clear whether a harmless error analysis is applicable in these circumstances. See, e.g., Jones v. State, 658 So.2d 122, 126 (Altenbernd, J., concurring specially) (“failure to conduct an adequate Nelson or Faretta hearing is a structural error in the trial which we must properly treat as per se error”). See generally State v. Young, 626 So.2d 655 (Fla.1993) (holding that harmless error analysis does not apply to failure to conduct proper Faretta inquiry). However, assuming that a harmless error analysis is appropriate in a case such as this, we conclude that the state has failed to carry its burden to establish that the error was harmless. Cf. Craft v. State, 670 So.2d 112 (Fla. 1st DCA) (failure to inform defendant of right to self-representation after denying motion to discharge appointed counsel based on complaint of incompetence harmless error given overwhelming evidence of guilt and later representations by counsel, in defendant’s presence, that defendant did not wish to represent himself), review granted, 678 So.2d 339 (Fla.1996).
In summary, we affirm the denial of appellant’s motion to suppress the confession. However, because the trial court failed fully to explain appellant’s options after it denied appellant’s request to discharge his appointed attorney for not rendering effective assistance, we reverse and remand for a new trial.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ALLEN, J., concurs.
LAWRENCE, J., dissents with written opinion.