685 So.2d 1292 (1996)
STATE of Florida, Petitioner/Cross-Respondent,
v.
Antonio Lee CRAFT, Respondent/Cross-Petitioner.
No. 87545.
Supreme Court of Florida.
December 26, 1996.
*1293 Robert A. Butterworth, Attorney General; James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Mark C. Menser and Vincent Altieri, Assistant Attorneys General, Tallahassee, for Petitioner/Cross-Respondent.
Nancy A. Daniels, Public Defender and P. Douglas Brinkmeyer, Assistant Public Defender, Chief, Appellate Intake Division, Second Judicial Circuit, Tallahassee, for Respondent/Cross-Petitioner.
HARDING, Justice.
We have for review Craft v. State, 670 So.2d 112, 113 (Fla. 1st DCA 1996), in which the First District Court of Appeal certified the following question to be of great public importance:
WHEN A DEFENDANT COMMITS SEPARATE OFFENSES DURING THE SAME CRIMINAL EPISODE, EACH INVOLVING A FIREARM, BUT EACH HAVING SEPARATE AND DISTINCT ELEMENTS, MAY THE DEFENDANT BE CONVICTED AND SENTENCED FOR EACH CRIME?
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution, and answer the question in the affirmative.
Antonio Lee Craft was found guilty of first-degree murder and carrying a concealed weapon. In a subsequent trial arising from the same incident, he was found guilty of possession of a firearm by a convicted felon. Craft, 670 So.2d at 113. On appeal, Craft raised a number of issues, including whether judgment and sentence could be imposed on both firearm offenses. The district court concluded that the conviction for carrying a concealed firearm must be vacated, based upon the reasons set forth in its previous opinion in Brown v. State, 670 So.2d 965 (Fla. 1st DCA 1995). The district court also certified the same question that it had previously certified in Brown. Craft, 670 So.2d at 113.
In Brown, the district court concluded that the defendant could only be convicted of one *1294 crime involving a firearm when all arose from a single criminal episode. Brown, 670 So.2d at 965. The district court concluded that it was "mandated to vacate" all but one of the firearm convictions pursuant to this Court's opinion in State v. Stearns, 645 So.2d 417 (Fla.1994). Brown, 670 So.2d at 966. However, the Brown court questioned the decision in Stearns and certified the same question that is before us in the instant case. Id.
We recently addressed this issue in M.P. v. State, 682 So.2d 79 (Fla.1996), and concluded that dual convictions and sentences for firearm offenses stemming from a single episode and involving the same act of possession do not necessarily violate the constitutional guarantee against double jeopardy. Id. at 80-82.
Moreover, we explained that the district courts have erroneously interpreted our decision in Stearns as prohibiting conviction and sentence for two crimes involving a firearm whenever they arise from the same criminal episode. M.P., 682 So.2d at 80-82. Instead, in determining the constitutionality of dual punishments for two offenses arising from the same criminal transaction, the dispositive question is whether the legislature "`intended to authorize separate punishments for the two crimes.'" Id. at 81 (quoting Albernaz v. United States, 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275 (1981)).
In some instances, as in M.P., the substantive statute at issue contains an express statement of legislative intent to authorize separate punishments. M.P., 682 So.2d at 80-82. However, even without such a specific legislative statement, the legislature has expressed its intent "to convict and sentence for each criminal offense committed in the course of one criminal episode." See § 775.021(4)(b), Fla. Stat. (1995).
Section 775.021(4)(a) includes a codification of the Blockburger[1] test, sometimes referred to as the same-elements test, which "inquires whether each offense contains an element not contained in the other; if not, they are the same offense and double jeopardy bars subsequent punishment or prosecution." Blockburger, 284 U.S. at 304, 52 S.Ct. at 182. In applying section 775.021 to a single criminal transaction or episode, we look to see whether the episode constitutes more than one separate criminal offense. State v. Johnson, 676 So.2d 408, 410 (Fla. 1996). Offenses are separate if each offense requires proof of an element that the other does not. Id.
In State v. Maxwell, 682 So.2d 83 (Fla.1996), we concluded that the offenses of carrying a concealed firearm and possession of a firearm by a convicted felon satisfy the Blockburger test as each requires proof of an element that the other does not. 682 So.2d at 84-85. Accordingly, we concluded that multiple convictions and sentences for these firearm offenses arising from a single criminal episode did not violate the constitutional protection against double jeopardy. Id.
Based upon M.P. and Maxwell, we answer the certified question in the affirmative and quash the decision below as to this issue.
Craft raises several other issues in his cross-petition for review. We address only the claim that the trial court erred in denying his motion for appointment of new counsel.[2] Prior to trial, Craft filed a pro se motion for appointment of new trial counsel, alleging that the public defender was not representing him properly. After conducting a hearing on the motion, the court concluded that Craft's allegations were legally insufficient and without merit. Thus, the court denied Craft's motion.
When jury selection began, Craft stated that he refused to go to trial with his public defender. The court informed Craft that the issue had already been decided and that he was going to trial with his public defender. Craft declined to participate in part of the *1295 jury selection process and filed a motion to act as co-counsel in his case. During discussion of that motion, the court explained that the public defender cannot be co-counsel in a case. Defense counsel stated that Craft's motion was not a motion for self-representation. Craft remained silent during this discussion.
On appeal, the district court concluded that the trial court erred in failing to inform Craft of his right of self-representation during the hearing on his motion to discharge counsel. Craft, 670 So.2d at 113. However, the district court ruled that the "error was harmless in light of the overwhelming evidence of guilt and the later representations by defendant's counsel in defendant's presence that he did not desire to represent himself." Id.
The question presented here is whether Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), which was cited with approval by this Court in Hardwick v. State, 521 So.2d 1071, 1074-75 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988), requires the trial court to inform a defendant of his or her right to self-representation after the court denies the defendant's motion to discharge counsel based on incompetence. Nelson clearly requires an inquiry where the defendant requests new counsel based upon incompetence of counsel. Nelson, 274 So.2d at 258-59; Hardwick, 521 So.2d at 1074. That inquiry was conducted in the instant case and the record supports the trial court's conclusion that there was no reasonable basis for a finding of incompetent representation.
However, Nelson also states that the court should "advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute." 274 So.2d at 259; Hardwick, 521 So.2d at 1074-75. While it is unclear from Nelson or Hardwick whether the judge has an obligation to inform the defendant of his right to self-representation, a recent decision from this Court appears to resolve the question by finding no such obligation. In Watts v. State, 593 So.2d 198 (Fla.), cert. denied, 505 U.S. 1210, 112 S.Ct. 3006, 120 L.Ed.2d 881 (1992), the defendant claimed that the trial court erred in failing to advise him of his right to represent himself and in failing to conduct a Faretta[3] inquiry when he expressed dissatisfaction with his attorneys and requested that another attorney be appointed. This Court concluded that "because there was no unequivocal request for self-representation, Watts was not entitled to an inquiry on the subject of self-representation under Faretta." Watts, 593 So.2d at 203.
Watts is consistent with other cases where defendants have sought to discharge allegedly incompetent counsel. In Capehart v. State, 583 So.2d 1009, 1014 (Fla.1991), cert. denied, 502 U.S. 1065, 112 S.Ct. 955, 117 L.Ed.2d 122 (1992), where the defendant sought to replace his court-appointed counsel, this Court stated that while it would have been the "better course" for the trial court to inform the defendant of the option of representing himself, the court did not err in denying the request for new counsel where the defendant did not state a desire to represent himself. This Court has repeatedly held that only an unequivocal assertion of the right to self-representation will trigger the need for a Faretta inquiry. See, e.g., Smith v. State, 641 So.2d 1319, 1321 (Fla.1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1129, 130 L.Ed.2d 1091 (1995).
Accordingly, we conclude that the trial court committed no error on this point. While we do not agree with the district court's reasoning, we agree with the district court that Craft is not entitled to relief on this basis.
For the reasons discussed above, we answer the certified question in the affirmative, quash the decision below, and disapprove Brown to the extent that it is inconsistent with this opinion.
It is so ordered.
OVERTON, GRIMES, WELLS and ANSTEAD, JJ., concur.
SHAW, J., concurs in result only.
NOTES
[1] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[2] We decline to address the merits of the other issues raised by Craft.
[3] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).