CASANUEVA, Judge.
In this appeal of his judgment and sentence for attempted armed robbery, Samuel Lee Hillman argues that the trial court erred in failing to advise him that he had a right to represent himself after he informed the court that he did not want his attorney to represent him during trial. We conclude that the trial court was not obligated to inform Mr. Hillman of his right to represent himself and affirm.
The day before his trial, Mr. Hillman informed the trial court that he did not want his attorney, Richard Strickland, to represent him.[1] Mr. Hillman told the court that “[w]e just don’t see eye-to-eye on it.” He also stated, “I don’t get along with him. I think he’s against me, and he’s not representing me the way I feel as though he should.” Mr. Hillman also alleged generally that Mr. Strickland was not competent to represent him. Mr. Hill-man contends that after the trial court determined that he did not have a legitimate complaint against his attorney, the court was required to advise him that he had a right to represent himself during the trial.
We first note that, although a trial court must conduct a preliminary Nelson[2] inquiry when a defendant asks to discharge his attorney, “there is no abuse of discretion in failing to conduct a further inquiry where the defendant’s dissatisfaction with counsel is articulated in terms of general complaints which do not suggest ineffective assistance of counsel.” Tucker v. State, 754 So.2d 89, 92 (Fla. 2d DCA 2000); see also Kearse v. State, 605 So.2d 534, 536 (Fla. 1st DCA 1992) (“In deciding whether a trial court conducted an appropriate Nelson inquiry, appellate courts apply the review standard of abuse of discretion.”). In the present case, Mr. Hillman made very general complaints about his attorney and he made no specific allegations pertaining to the attorney’s competence. See Augsberger v. State, 655 So.2d 1202, 1204 (Fla. 2d DCA 1995) (“[Appellant’s unarticulated belief that counsel was not ‘serving’ him properly was nothing more than an expression of general loss of confidence or trust which, standing alone, does not require withdrawal of counsel.”). Therefore, the trial court was not required to inquire further before denying Mr. Hill-man’s request.
Further, we note that previous opinions of this court have held that if a defendant continues to request to discharge his attorney after the trial court has determined that the attorney is not rendering ineffective assistance, the defen *438 dant must be informed that he is not entitled to another attorney and that he would have to represent himself. See Montgomery v. State, 1 So.3d 1228, 1230 (Fla. 2d DCA 2009) (holding that where “there is no reasonable cause to believe effective assistance is not being rendered and the defendant still wishes to discharge counsel, the trial court must make clear to the defendant that there is no entitlement to court-appointed substitute counsel and that the defendant will have to represent himself or herself’); Reddick v. State, 636 So.2d 176, 177 (Fla. 2d DCA 1994) (“If the court finds that the defendant’s complaints are meritless, then the trial court has the duty to advise the defendant that the court will not appoint substitute counsel and that the defendant would be exercising his right to self-representation if the court grants the request to discharge his counsel.”).
However, in State v. Craft, 685 So.2d 1292, 1295 (Fla.1996) (citing Watts v. State, 593 So.2d 198, 203 (Fla.1992)), the Florida Supreme Court noted that where the defendant does not make an unequivocal request for self-representation, the trial court does not have an obligation to inform the defendant of his right to self-representation or to conduct a Faretta[3] hearing. See Blake v. State, 972 So.2d 839, 845-46 (Fla.2007) (“A motion to discharge counsel does not automatically require a Faretta inquiry or notice of the right to self-representation.”); Augsberger, 655 So.2d at 1205 (concluding that where appellant did not make unequivocal request for self-representation, which was a necessary prerequisite for a Faretta examination, trial court was not required to inform appellant of his right to self-representation). In Craft, the appellant filed a pro se motion asking the court to appoint new trial counsel, alleging that his attorney was not representing him properly. 685 So.2d at 1294. The trial court conducted a hearing on the motion, concluded that the appellant’s allegations were legally insufficient and meritless, and denied the motion. Id. At the beginning of jury selection, the appellant told the court that he refused to go to trial with his attorney and the court informed him that the issue had been decided and that the appellant was going to trial with his attorney. Id. The appellant refused to participate in the jury selection process and filed a motion to act as co-counsel. Id. at 1294-95. The trial court explained to the appellant that his attorney could not act as co-counsel in the case and the attorney stated that the motion was not a motion for self-representation. Id. at 1295. The Florida Supreme Court held that Nelson did not require “the trial court to inform a defendant of his or her right to self-representation after the court denies the defendant’s motion to discharge counsel based on incompetence.” Id. We similarly conclude that in the present case, the trial court was not required to inform Mr. Hillman of his right to self-representation after denying his motion to discharge his attorney.
Accordingly, Mr. Hillman’s judgment and sentence are affirmed.
ALTENBERND and BLACK, JJ„ Concur.

. Mr. Hillman waived his right to a jury trial.

. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).