DAVIS, Chief Judge.
Jordan Green challenges his convictions and sentences for one count of sale of cocaine, for which he received a ten-year *598 prison sentence, and one count of possession of cocaine, for which he received a concurrent five-year sentence. Because the trial court failed to conduct an adequate hearing pursuant to Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), we reverse.
Green was on trial for selling drugs to a confidential informant (Cl) over the course of three transactions, resulting in six pending charges. Prior to his trial, Green filed a written motion to discharge counsel claiming that counsel was ineffective for failing to contact him or explain the proceedings to him, failing to prepare an entrapment defense, failing to identify and depose witnesses, and forcing him to trial. The trial court addressed the motion with Green’s counsel, ultimately determining that his counsel was not ineffective for failing to use an entrapment defense in the instant case because that defense failed to work in Green’s earlier case involving similar facts. The other claims were not addressed. Green then told the trial court in open court that his counsel was not explaining the process to him and that he did not understand due to his learning disability. Both his written motion and the subsequent complaints in open court raise potential conflicts with counsel that require the trial court to hold a Nelson hearing to resolve. See generally Torres v. State, 42 So.3d 910, 912 (Fla. 2d DCA 2010) (outlining the steps involved in the Nelson hearing process).
The trial court allowed Green an opportunity to put his Nelson issues on the record and, after determining only that counsel had conducted depositions, told Green that his case had been pending for almost two years and that it had to be resolved. Green was given the option of proceeding to trial with his counsel or entering a plea.[1] Green proceeded to trial, after which the jury returned a verdict of not guilty on four counts and guilty on two counts.
Green made clear, unequivocal statements concerning specific allegations of incompetence or ineffectiveness of his counsel, and such statements require the court to make specific inquiries to determine whether there is a reasonable basis to conclude that counsel was not providing effective assistance. See C.H. v. State, 116 So.3d 629, 631 (Fla. 3d DCA 2013). The trial court did not conduct an adequate Nelson hearing but rather only inquired about some of the issues raised by Green. The trial court’s inquiries do not address, at least preliminarily, whether his counsel was sufficiently explaining the proceedings to him or was forcing him to trial. We conclude this was an abuse of discretion. See Crosby v. State, 125 So.3d 822, 825 (Fla. 2d DCA 2013) (“We review the adequacy of a trial court’s Nelson inquiry for an abuse of discretion....”).
Because Green was convicted of at least one sale to the Cl but was acquitted of others, we cannot conclude that the failure to conduct an adequate Nelson hearing in the instant case was harmless. See Torres, 42 So.3d at 912 (“Generally, the trial court’s ruling [on a Nelson inquiry] may also be reviewed to determine whether the error was harmless.”). We therefore reverse his convictions and sentences and remand for a new trial. We note that Green was acquitted of four of the original six counts and that any retrial should proceed only on the two counts for *599 which he was convicted. See Watson v. State, 410 So.2d 207, 208 (Fla. 1st DCA 1982) (“Once a defendant obtains an acquittal after jeopardy attaches ... the double jeopardy clause bars retrial.”).
Reversed and remanded.
SILBERMAN and VILLANTI, JJ., Concur.

. We do not address whether a hearing pursuant to Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), was necessary because there is no indication that Green made an unequivocal request for self-representation. See Hillman v. State, 129 So.3d 436 (Fla. 2d DCA 2013).