# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-3301
_____

FREDERICK LEONARD SHAW,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Alachua County.
William E. Davis, Judge.

February 21, 2024

ROWE, J.

Frederick Leonard Shaw appeals his convictions for home invasion robbery, burglary with a battery, battery on a person sixty-five years or older, and petit theft. Shaw raises multiple issues. We write only to address the trial court's rulings on Shaw's request to discharge counsel and the motion for judgment of acquittal. We affirm all other issues without further comment.

*Pretrial*

The circuit court appointed attorney Deborah Hunt to represent Shaw at trial. Before trial, Shaw wrote a letter to the court expressing dissatisfaction with counsel's performance. Shaw complained that he had been detained for over a year without

progress on a pending criminal case.[1] He also complained that the victim had given contradicting descriptions of the assailant and that his case had experienced unnecessary and excessive delays. Because of the issues raised in Shaw's letter, the circuit court ordered a *Nelson*[2] hearing to determine whether counsel was performing deficiently.

At the hearing, the court found Shaw's claims of his counsel's ineffectiveness unpersuasive. The court observed that Hunt had deposed multiple witnesses and filed the depositions with the court. Hunt informed the court that she was originally appointed to represent Shaw for violating his probation and a charge of aggravated battery. She and Shaw had established a defense strategy for the probation violation when the State added the home invasion robbery charges. The addition of the new allegations forced Hunt to adapt her trial strategy and schedule new depositions. The State informed the court that it had initiated plea discussions for all of Shaw's pending cases, but Shaw had expressed a desire to go to trial.

The trial court told Shaw that his counsel's actions were appropriate because the trial court had instructed counsel for the defense and the State to focus on the case with the highest charges. And that any discrepancies in victim testimony were questions of fact that would be answered by the jury and were not grounds to discharge appointed counsel. The court then denied Shaw's request to discharge counsel. The case went to trial.

*Trial*

A pre-recorded video of the ninety-seven-year-old victim's testimony was presented at trial. He testified that, on the day of the attack, he saw a red pickup truck parked in his driveway as he was about to leave the house. The victim did not recognize the truck nor the man standing by it—even though the man called the

---

[1] Shaw had an unrelated pending case for aggravated battery with a deadly weapon.

[2] *Nelson v. State*, 274 So. 2d 256 (Fla. 4th DCA 1973).

victim by name. The man approached the victim and asked to use the phone. The victim tried to kick the intruder, but the assailant grabbed the victim's foot and pulled the victim to the ground. The intruder then dragged the victim through his home by his foot. The intruder stopped to take two envelopes containing cash from the kitchen before dragging the victim to the master bedroom and leaving him there. The victim called the police as soon as he knew the intruder had left the home. He then discovered other missing items: a jar of change, a jewelry box, and his wallet.

During his recorded testimony, the victim described the intruder as a stocky white male with short, brownish hair. But in the recording of the 911 call made immediately after the home invasion, the victim described the intruder as a black male with dreadlocks, weighing around 250 pounds, driving a red pickup truck. He also reported that the intruder was dressed in black.

Other witnesses testified at trial establishing a link between Shaw and the home invasion. Shaw's neighbor, an off-duty police officer, testified that he had seen a red truck in Shaw's driveway the same day as the home invasion and had heard the victim yelling "get out" from his home. The neighbor positively identified Shaw's truck as the one he saw in the victim's driveway through a photo taken by investigators.

The victim's stepdaughter testified that the family had once hired a nurse to care for her ailing mother, but that when her mother passed they had let the caregiver go. The stepdaughter had seen a red truck picking the nurse up from their home.

The police linked a red truck to Shaw because his debit card was found under the truck's seat cushions. Surveillance video from a nearby hospital showed Shaw's truck driving away from the area of the victim's home around the time of the offense.

Along with the evidence linking Shaw to the truck driven by the assailant, the police discovered physical evidence from the crime scene linking Shaw directly to the victim: a laboratory analyst found Shaw's DNA on the victim's sock worn during the home invasion.

Shaw moved for a judgment of acquittal at the close of the State's arguments. Shaw argued that the State failed to prove that he had committed the crimes and that the State's case was based on an impermissible stacking of inferences. The trial court denied the motion. The jury found Shaw guilty on all counts. This appeal follows.

*Analysis*

Shaw argues that the trial court abused its discretion during the *Nelson* hearing when it failed to inform him of his right to self-representation. *See Johnson v. State*, 301 So. 3d 443, 446 (Fla. 1st DCA 2020) (holding that a trial court's actions during a *Nelson* hearing are reviewed for an abuse of discretion). He also argues that the trial court erred when it denied his motion for judgment of acquittal because the State failed to present a prima facie case that Shaw was the person who attacked the victim and burglarized his home. *See Cameron v. State*, 290 So. 3d 632, 633 (Fla. 1st DCA 2020) ("Where the State has produced competent evidence to support every element of a crime, the denial of a judgment of acquittal must be affirmed."). Both arguments lack merit.

*Nelson Hearing*

We first address Shaw's claim that his *Nelson* hearing was inadequate. When an indigent defendant asks a trial court to discharge court-appointed counsel before trial, the court must inquire into the reason for the request. *Johnson*, 301 So. 3d at 446. If the reason given is ineffectiveness of counsel, the court must make a sufficient inquiry to determine whether there is reasonable cause to believe that counsel is not providing effective assistance. *Id.* at 446–47. Shaw does not challenge the trial court's determination that counsel was effective. Rather, he argues that the court erred by failing to advise him that he had a right to represent himself. But the trial court was not required to do so.

When a defendant moves to discharge counsel, a trial court is not automatically required to inform the defendant about his right of self-representation. *Blake v. State*, 972 So. 2d 839, 845-46 (Fla. 2007); *see also State v. Craft*, 685 So. 2d 1292, 1295 (Fla. 1996) (holding that *Nelson* does not require trial courts to inform

4

defendants of the right of self-representation after the denial of a motion to discharge counsel based on ineffective assistance). Rather, the trial court must inform the defendant of this right only when the defendant makes an unequivocal request to represent himself. *Blake*, 972 So. 2d at 846. Shaw never made such a request. Thus, the trial court did not err by not informing Shaw of his right of self-representation.

## *Judgment of Acquittal*

Next, Shaw argues that the trial court erred when it denied his motion for judgment of acquittal because the State failed to prove beyond a reasonable doubt that Shaw was the person who committed the charged offenses. This argument fails, too.

A trial court should deny a motion for judgment of acquittal if the State has presented competent, substantial evidence to support the verdict. *Bush v. State*, 295 So. 3d 179, 200 (Fla. 2020). In evaluating a trial court's ruling on a motion for judgment of acquittal, "an appellate court must 'view[ ] the evidence in the light most favorable to the State' and, maintaining this perspective, ask whether 'a rational trier of fact could have found the existence of the elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Rogers v. State*, 285 So. 3d 872, 891 (Fla. 2019)).

The ninety-seven-year-old victim testified that an intruder dragged him through his home by his foot while looking for valuables. The victim was wearing socks and shoes, but the dragging caused one of his shoes to fall off. Shaw was directly linked to the crime scene and to the victim when the laboratory analyst testified that Shaw's DNA was present on the victim's sock taken from the crime scene. The victim's shirt was torn from his left shoulder to the tail of his shirt. Police documented multiple injuries to the victim, including abrasions to his left cheek, left elbow, left arm, left shoulder, and back.

Even without DNA evidence, other evidence and testimony linked Shaw to the crimes. In the 911 call, the victim's description of the intruder matched Shaw. The victim also stated that the intruder was driving a red truck. A neighbor saw a red truck in the victim's driveway at the time of the offense. The victim's

stepdaughter testified that she saw a red truck picking up the nurse hired to care for her dying mother. And a detective spotted a red truck on surveillance video taken from a hospital near the victim's home. Shaw's debit card was found under the seat of a red Nissan pickup truck. The victim's neighbor positively identified the truck where Shaw's debit card was found as the one he saw in the driveway the day of the invasion.

When viewed in the light most favorable to the State, the trial court properly concluded there was sufficient evidence that Shaw committed the charged offenses. We, therefore, AFFIRM Shaw's convictions and sentences.

B.L. THOMAS and BILBREY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jessica J. Yeary, Public Defender, and Justin Foster Karpf, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.

6